**STEWART & FOULKE, INC., et al.,**
**Appellants,**

**v.**

**ROBERTSHAW CONTROLS COMPANY**
**and Dearborn Stove Company (Now Chancellor Corporation), Appellees.**

**No. 24976.**

United States Court of Appeals
Fifth Circuit.

July 12, 1968.

---

Robert A. Gwinn, Dallas, Tex., Gus Sacopulos, Terre Haute, Ind., for appellants.

William N. Hamilton, John W. Copeland, Dallas, Tex., for appellees.

Before RIVES, BELL, and GOLDBERG, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge.

This is an appeal from an action for indemnity based on breach of implied warranty by a retailer, Stewart & Foulke, Inc., appellant herein, against a stove manufacturer, Chancellor Corporation, and the manufacturer of a component part thereof, Robertshaw Controls Company. The action is to satisfy two Indiana judgments obtained against Stewart & Foulke through settlement agreements by the purchaser of a gas stove who was injured when the stove exploded and by the owners of the building which was demolished in the explosion.

Having denied motions for directed verdict filed by all parties, special issues were submitted by the court to a jury. The jury determined that the Indiana judgments did not result from a "full-dress, arm's length, good faith adversary proceeding" as that phrase was defined by the court. The jury also determined that the negligence of Stewart & Foulke was the proximate cause of the explosion, and that the stove was subjected to an abnormal and unintended use. Judgment was entered for the defendants. We affirm on the jury's first finding— the non-adversary proceeding issue.. In this view of the case we do not reach the other assignments of error.

Chancellor manufactured the stove in question; Robertshaw manufactured its magnetic control valve. Chancellor sold the stove to Skelly Oil Company, not a

party to this suit, who sold it to Stewart & Foulke and it was then sold, in turn, to Claude Bender. Bender had the stove installed in a building where he worked. The building was owned by Mr. and Mrs. Dome. The stove exploded some two years after it was purchased when Bender attempted to light it. The Domes and Bender filed separate suits against Stewart & Foulke in Indiana based on a breach of implied warranty. The basis of the alleged breach was that the magnetic control valve did not operate properly and therefore the stove was not reasonably fit for its intended use.

Stewart & Foulke gave written notice to Chancellor and Robertshaw of the litigation and tendered the defense of the suits to them. The tender was refused. There is no issue as to notice. Under Indiana law Stewart & Foulke could not join Chancellor, Robertshaw or Skelly Oil as third party defendants. The notice was given under the Indiana Uniform Commercial Code, § 19–2–607(5), which provides as follows:

> "Where the buyer is sued for breach of a warranty or other obligation for which his seller is answerable over
>
> (a) he may give his seller written notice of the litigation. If the notice states that the seller may come in and defend and that if the seller does not do so he will be bound in any action against him by his buyer by any determination of fact common to the two (2) litigations, then unless the seller after seasonable receipt of the notice does come in and defend he is so bound."

After a good deal of pre-trial activity, counsel for the Indiana litigants agreed to settle with $3,000 to be paid the Domes and $8,000 to be paid Bender. Judgments were subsequently entered in these amounts. Stewart & Foulke satisfied the Indiana judgments and brought the instant action in Texas for full indemnity including the attorney's fees and expenses entailed in the Indiana litigation.

The facts surrounding the entry of the Indiana judgments are of some importance. The settlement agreements were reached two weeks prior to the entry of the judgments. The attorney representing Bender and the Domes considered the matter settled when the settlement agreements were made. The Indiana trial judge agreed to have the cases presented for judgment but considered this unusual since they had already been settled. Evidence was introduced to demonstrate that the explosion was caused by the defective valve. Findings of fact and conclusions of law, prepared by counsel for Stewart & Foulke, were also entered in the Indiana court.

Stewart & Foulke brought this action for indemnity based on the judgments. The action was not premised on establishing the actionable facts on which liability for breach of warranty depended or the reasonableness of the settlements. Cf. Mitchell's, Inc. v. Friedman, 157 Tex. 424, 303 S.W.2d 775, 1957; Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492, 1959. Rather the premise is that the Indiana judgments were res judicata as to the liability of the defendants on matters of fact there presented inasmuch as the defense of the original actions was tendered to them by way of vouching them into the cases under the Indiana Commercial Code, supra.

The District Court posed Special Issue No. 1 to jury as follows:

> "Do you find from a preponderance of the evidence that the judgment upon which plaintiff is suing herein resulted from a full dress, arm's length, good faith, adversary proceeding?
>
> "The phrase 'full dress, arm's length, good faith, adversary proceeding' means an actual trial with a contest of the issues for actual determination of the facts by court or jury and of law by court rather than a resolving of those same issues by agreement of the parties under a prior settlement agreement."

The jury answered in the negative. Three questions are presented: One, did the inquiry set out a proper standard? Next, if so, was instruction correct that a "full dress, arm's length, good faith, adversary proceeding" mean an actual trial. Three, was the burden of proof improperly cast upon the plaintiff (appellant)?

With respect to the first question, the District Court relied on Grummons v. Zollinger, N.D.Ind., 1964, 240 F.Supp. 63, affirmed, 7 Cir., 1965, 341 F.2d 464. That case also involved an indemnity action against a manufacturer by a retailer. Grummons, the retailer, was sued by the purchasers of a trailer after they were injured by the explosion of a gas stove. Grummons notified Zollinger, the manufacturer of the action, and demanded indemnity for any judgment that might be rendered. He also tendered the defense of the action to Zollinger which tender was refused. Grummons and his insurer satisfied the New York judgment which was then obtained against him in the case and sued Zollinger for indemnity, claiming that Zollinger was bound by the New York judgment. It appeared that prior to the entry of the New York judgment the matter had been settled between the parties. The settlement agreement provided that the case, nevertheless, would be tried without a jury and such a trial took place with judgment being entered in the agreed amount. The District Court noted that the trial which took place in the New York Supreme Court was for the purpose of arranging the record so as to enable the plaintiff to bring this suit under the theory of the Jelleff case. Judgment was rendered for the manufacturer in the indemnity action.

The case referred to by the District Court in Grummons was Frank R. Jelleff, Inc. etc. v. Pollak Bros., Incorporated, N.D.Ind., 1957, 171 F.Supp. 467. There a retailer recovered from a manufacturer in an action over for indemnity based on a prior judgment. There had been, however, a trial without a prior settlement and the district judge expressly found that the defense had been properly conducted. The Circuit Court in Grummons v. Zollinger, adopted the District Court's opinion that when a person is vouched in to defend he will be bound by the judgment, but only where the initial litigation is a "full dress, arm's length, good faith, adversary proceeding." The Circuit Court in affirming also quoted the following part of the District Court's finding: "Without detailing in any greater degree the particulars, suffice it to say that the character of the entire record is such that the New York action was something less than an arm's length, good faith, adversary proceeding."

In *Grummons* the District Court did find collusion but did not limit its holding to that point. We have no contention of fraud or collusion in the case before us but we conclude that fraud and collusion are not necessary ingredients. Proof of such would indeed by a defense but that is another case. It is necessary that the judgment at least fall into the category of having been obtained in an adversary proceeding and this brings us to the next question.

Was the definition of "full dress, arm's length, good faith, adversary proceeding" given in charge by the District Court proper in that an actual trial is required as distinguished from a resolution of the issues by agreement of the parties under a prior settlement agreement. The District Court took this definition from Wright v. Allstate Insurance Company, Tex.Civ.App., 1956, 285 S.W.2d 376, error ref'd, n. r. e. That case involved the terms of an insurance contract but it is an apt definition under the circumstances here and thus that the definition was not erroneous.

The last question turns on appellant's claim that the court improperly cast the burden upon it of proving that the judgment was obtained in a full dress, arm's length, good faith, adversary proceeding. The fact is that the court gave no charge whatever on bur-

den of proof and appellant lodged no objection to this omission. There were several affirmative defenses and the only semblance of an objection is derived from a requested framing of the special issue relating to the adversary proceeding which was submitted by appellant and denied by the court. This was not a sufficient objection and the failure to charge on burden of proof is not clear error under the facts.

Affirmed.