**CGM VALVE COMPANY, INC.,**
Appellant,

v.

**GULFSTREAM STEEL CORPORATION,**
Appellee.

No. 17572.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 10, 1980.

Rehearing Denied March 6, 1980.

Talbert, Giessel & Stone, Inc., Mark Shelton, Houston, for appellant.

Butler, Binion, Rice, Cook & Knapp, W. N. Blanton, III, Houston, for appellee.

Before PEDEN and EVANS, JJ.

WARREN, Justice.

This is an appeal from a summary judgment awarding appellee recovery over against appellant for damages assessed against appellee in a Florida lawsuit.

The issues are: (1) whether the remedy of "voucher" or "vouching in", as provided by Section 2.607(e)(1) of the Texas Business and Commerce Code, is available under the facts of our case, and (2) whether this court can consider the proof offered by appellee for the purpose of determining its right to summary judgment under a common law indemnity action.

Appellee, a Florida corporation, contracted with Lang Afrique, Inc. to supply a large quantity of valves to be used at a sugar refinery Lang was building in Ivory Coast, Africa. Appellee then contracted with appellant, a Texas corporation, for appellant to furnish and ship the valves directly to Lang at the sugar refinery.

Some time after the receipt of the valves, Lang contended that many of the valves were defective and sued appellee in a state court in Florida. Appellee attempted to join appellant as a third party, but was unsuccessful. Appellee then filed suit against appellant in Texas seeking indemnity for all damages and expenses which would be incurred in the Florida suit.

After much pretrial discovery, the Florida suit was settled. Lang obtained a judgment against appellee for $251,000 damages, $14,108.65 court costs and $86,213.92 attorney fees and expenses, which totals $351,322.57.

Thereafter, appellee filed a Motion for Summary Judgment in Texas, alleging that it was entitled to judgment under Tex.Bus. and Com.Code, Section 2.607(e)(1) for the amount awarded against it in the Florida case, costs incurred in defense of the Florida action and attorneys' fees.

Appellant's Motion in Opposition to Summary Judgment contended among other things that the Florida judgment was not a "full dress, arm's length, good faith, adversary proceeding" as contemplated by Sec. 2.607(e)(1), which states:

(e) Where the buyer is sued for breach of warranty or other obligation for which he is answerable over

(1) he may give his seller written notice of the litigation. If the notice states that the seller may come in and defend and that if the seller does not do so he will be bound in any action against him by his

buyer by any determination of fact common to the two litigations, then unless the seller after reasonable receipt of notice does come in and so defend he is so bound.

It is undisputed that appellant was notified of and offered the opportunity to participate in all phases of the lawsuit and the settlement negotiations, and that it declined these offers.

■ The initial question is whether voucher is available to the defendant who settles the first cause of action as opposed to litigating the cause to judgment. We hold that it is not.

In *Stewart & Foulke, Inc. v. Robertshaw Controls Company*, 397 F.2d 971 (5th Cir. 1968), a case similar to ours, Stewart & Foulke, a retailer, sold a stove whose controls were manufactured by Robertshaw. The purchaser was injured and his residence damaged when the stove exploded. Stewart & Foulke tendered the defense of the Indiana suits to Robertshaw and this tender was refused. Thereafter, Stewart & Foulke reached an agreement in settlement of the disputes but proceeded to present facts to the trial court. Prior to the conclusion of the suit, judgment was entered in accordance with the agreements previously made. Findings of fact were prepared by Stewart and Foulke and signed by the trial judge. Stewart and Foulke then filed suit in the federal district court for the northern district of Texas for the amount of the Indiana judgment, plus costs and attorneys fees. A special issue was submitted to the jury inquiring whether the Indiana judgment resulted from a "full dress, arm's length, good faith, adversary proceeding." The jury was instructed that a "full dress, arm's length, good faith, adversary proceeding" meant an "actual trial with a contest of the issues for actual determination of the facts by court or jury and of law by court rather than a resolving of those same issues by agreement of the parties under a prior settlement agreement." Predictably, the jury answered "no." The United States Court of Appeals, Fifth Circuit, approved the special issue and the instruction as given. The court followed the holding in *Grummons v. Zollinger*, 341 F.2d 464 (7th Cir. 1965) which held that when a person is vouched in to defend, he will be bound by the judgment, but only where the initial litigation was a "full dress, arm's length, good faith, adversary proceeding"; and that settlement by agreement of the parties did not meet that standard. Other courts have also held that suit could not be maintained under the "vouching in" provision when a buyer had settled the first suit. See, *Gentry v. Wilmington Trust Company*, 321 F.Supp. 1379 (D.Dela.1970); *Dodge Trucks, Inc. v. Wilson*, 140 Ga.App. 743, 231 S.E.2d 818 (1976).

Appellee contends that *Stephenson v. Duriron Company*, 292 F.Supp. 66 (S.D.Ohio W.D.1968) aff'd 428 F.2d 387 (6th Cir. 1970) supports the proposition that settlement is not a bar to voucher. In that case Kuhn Bros. manufactured a valve for Duriron who resold it to a utility company in Alaska. The valve leaked natural gas causing an explosion which resulted in personal injuries and property damage. Hartford Accident and Indemnity Co. had previously issued to Kuhn Bros. a policy of liability insurance which contained an endorsement covering Duriron. Hartford was requested to defend under the terms of the policy, but refused. Prior to the trial in Alaska, Duriron and its liability carrier agreed with plaintiffs to pay a maximum of $50,000 if plaintiffs failed to collect any judgment rendered against Kuhn Brothers within five years. Verdict was rendered for plaintiffs in the total amount of $701,372.09. The parties in the Alaska action filed suit in Ohio against Kuhn Bros. Co. and Hartford, seeking enforcement of the Alaska judgment. The court allowed recovery against Kuhn and Hartford on the Alaska judgment holding, among other things, that: (1) Hartford, having a duty to defend under the insurance policy and refusing to do so after notice of actions filed against Duriron, was bound by the judgment rendered against Duriron; (2) the supplier (Duriron) had a right to settle the cause; and (3) that the settlement, including a covenant not to

execute, was not a bar to recovery against Hartford and Kuhn.

The court used language pertaining to voucher obligations identical to that codified by the Uniform Commercial Code and Tex.Bus. and Com.Code, § 2.607(e)(1), regarding the duty and obligations of Hartford and Kuhn; however, the case was not tried under a statutory or common law voucher theory but upon Hartford's obligations under the insurance policy. Also, the cause was tried to verdict and no fraud or collusion was shown to have occurred in the first trial.

The justification for allowing voucher is that it is senseless to try identical issues between the same parties twice, and therefore, any issues decided in the first trial, as well as findings of fact necessarily made, are binding on the parties in a second suit. If there is no trial, such findings would tend to be agreed upon without vigorous contest or the best effort of both litigants. We believe that the facts in Stewart and Foulke are more analogous to those in our case and that the result therein was a correct one. Appellant's second point of error is sustained.

Appellee urges that the evidence submitted in the trial court entitles it to, and supports the granting of, a summary judgment under the theory of common law indemnity. We overrule this contention because appellee's motion for summary judgment contended only that it was entitled to summary judgment under its cause of action pertaining to voucher under Tex.Bus. and Comm.Code § 2.607(e)(1). Grounds not raised in the motion for summary judgment cannot be considered to support the judgment on appeal. *Avinger v. Campbell*, 499 S.W.2d 698 (Tex.Civ.App.-Dallas 1973, writ ref'd n. r. e. per curiam 505 S.W.2d 788); *Castillo v. American States Insurance Co. of Texas*, 550 S.W.2d 408 (Tex.Civ.App.-Dallas 1977, no writ). See also *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979); *Janak v. Federal Deposit Ins. Corp.*, 586 S.W.2d 902 at 906 (Tex.Civ. App.-Houston [1st Dist.] 1979, no writ).

The judgment is reversed and the cause is remanded.