In The

Court of Appeals

For The

First District of Texas

____________

NO. 01-01-00531-CV

____________


ASTRA OIL COMPANY, INC., Appellant


V.


DIAMOND SHAMROCK REFINING COMPANY, L.P., Appellee






On Appeal from the 295th District Court

Harris County, Texas

Trial Court Cause No. 97-52311A






OPINION ON MOTION FOR REHEARING

 We deny appellee's motion for rehearing, but we withdraw our opinion dated August
22, 2002 and issue this opinion in its place.

 Appellant, Astra Oil Company, Inc. (Astra Oil), filed this suit against appellee,
Diamond Shamrock Refining Company, L.P. (Diamond Shamrock), to enforce an arbitration
award made in London, England. Astra Oil Company, Inc. sought recovery under two
theories: (1) "vouching-in" and (2) indemnification. The trial court denied Astra Oil's
motion for summary judgment and granted Diamond Shamrock's motion. On appeal, Astra
Oil asserts that the trial court erred in denying its motion and granting Diamond Shamrock's
motion for summary judgment. We affirm.

 BACKGROUND

 In June 1994, Astra Oil and Van Ommeren Tankers entered into a voyage charter
party for Van Ommeren's cargo vessel, Port Royal, to transport petroleum products. The
charter party, a contract unique to maritime commerce, included a "safe berth" provision and
an arbitration clause. In July of the same year, Astra Oil and Diamond Shamrock entered
into an agreement for Diamond Shamrock to purchase petroleum condensate from Astra Oil. 
The agreement between Astra Oil and Diamond Shamrock included the following clause:


 7. Price/Basis: The price shall be USD 19.50 per net . . . basis ex ship,
ex duty, one safe berth Corpus Christi, Texas. 


 Facility usage fees including wharfage/dockage at [Diamond Shamrock's]
nominated facility for buyer's account. (Emphasis added.)


 Diamond Shamrock had a pre-existing agreement with Koch Gathering Systems, Inc.
for the use of Koch's Corpus Christi marine terminal. Pursuant to its agreement with Koch,
Diamond Shamrock elected Koch's terminal as the safe berth for the delivery of the
condensate purchased from Astra Oil. While the Port Royal was delivering the condensate
to Koch's terminal, the hull was damaged and fuel was spilled in the surrounding waters. 
Van Ommeren asserted that the Koch terminal was unsafe and sought damages from Astra
Oil.

 Pursuant to the arbitration clause, arbitration commenced in London between Van
Ommeren Tankers and Astra Oil. Prior to the start of the arbitration hearings, Astra Oil
notified Diamond Shamrock about the London arbitration and demanded that Diamond
Shamrock assume Astra Oil's defense in the arbitration and indemnify Astra Oil against any
award against it. Diamond Shamrock did not comply with Astra Oil's request. A London
panel issued an award in favor of Van Ommeren Tankers and against Astra Oil. 

 Astra Oil subsequently initiated this lawsuit to enforce the London award directly
against Diamond Shamrock under the theories of "vouching-in" and indemnification. By
an interlocutory order, the trial court (1) denied Astra Oil's motion for summary judgment
in its entirety and dismissed with prejudice Astra Oil's cause of action to enforce the London
arbitration directly against Diamond Shamrock and (2) granted in part and denied in part
Diamond Shamrock's motion for summary judgment. Diamond Shamrock's motion for
summary judgment was granted as to the dismissal of Astra Oil's cause of action seeking
enforcement of the London arbitration award and as to indemnification by Diamond
Shamrock for the full amount of the award rendered against Astra Oil in the London
arbitration. After the interlocutory order was entered, the parties filed a joint motion to sever
the interlocutory order so an immediate appeal of the order denying the enforcement of the
London arbitration award could be made. The motion was granted and this appeal followed
from those events. 



 DISCUSSION

Standard of Review

 Summary judgment is proper only when the movant establishes that there is no
genuine issue of material fact and that the movant is entitled to judgment as a matter of law. 
Randall's Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995); Lawson v. B Four
Corp., 888 S.W.2d 31, 34 (Tex. App.--Houston [1st Dist.] 1994, writ denied). In reviewing
a summary judgment, we must indulge every reasonable inference in favor of the nonmovant
and resolve any doubts in its favor. Johnson, 891 S.W.2d at 644; Lawson, 888 S.W.2d at 33. 
We will take all evidence favorable to the nonmovant as true. Id. As movant, the defendant
is entitled to summary judgment if the evidence disproves as a matter of law at least one
element of each of the plaintiff's causes of action. Lear Siegler, Inc. v. Perez, 819 S.W.2d
470, 471 (Tex. 1991); Marchal v. Webb, 859 S.W.2d 408, 412 (Tex. App.--Houston [1st
Dist.] 1993, writ denied). 

 When the judgment does not specify the ground relied on, we will affirm the summary
judgment if any of the theories advanced in the motion for summary judgment and preserved
on appeal is meritorious. See State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex.
1993). 

Vouching- In

 In its first point of error, Astra Oil argues that the trial court erred by denying its
motion for summary judgment and by granting Diamond Shamrock's related motion for
summary judgment. Specifically, Astra Oil argues that the trial court should have granted
its motion and enforced the London arbitration award directly against Diamond Shamrock
under the procedure of vouching-in.

 "Vouching-in" is a mechanism whereby a defendant in a proceeding may notify a non-party, the vouchee, that a suit is pending against the defendant and that, if liability is found,
the defendant will look to the vouchee for indemnity and hold it to the findings in that suit. 
 Universal Am. Barge Co. v. J-Chem, Inc., 946 F.2d 1131, 1136 (5th Cir. 1992). The
vouching mechanism is typically employed only where there is no basis for impleader and
no jurisdiction over the third party defendant, or in arbitrations. SCAC Transp. (USA), Inc.
v. S.S. DANAOS, 845 F.2d 1157, 1163 (2d Cir. 1988). Texas law recognizes the procedure
of vouching-in under certain circumstances. See CGM Valve Co. v. Gulfstream Steel Corp.,
596 S.W.2d 161 (Tex. App.--Houston [1st Dist.] 1980, writ ref'd n.r.e.). (1)

 To successfully vouch in a party, the defendant must notify the vouchee:

 (a) of the pendency of the suit against him; (b) that if liability is found, the defendant
will look to the vouchee for indemnity; (c) that the notice constitutes a formal tender
of the right to defend the action; and (d) that if the vouchee refuses to defend, it will
be bound in any subsequent litigation between them to the factual determinations
necessary to the original judgment. 


Universal, 946 F.2d at 1138. The vouchee may not contest the validity of the primary
defendant's liability to the injured party. Id. It may only contest whether notice was
sufficient, whether it has a duty to indemnify, and whether the prior judgment was obtained
by fraud or collusion. Id. 

Indemnification

 Under its first point of error, Astra Oil contends that at "the heart of this appeal is the
issue of indemnity and whether [Astra Oil] is entitled to indemnity from [Diamond
Shamrock]." (2) Two types of indemnity have historically existed: common-law indemnity and
contractual indemnity. Texas no longer recognizes common-law indemnity except in cases
"in which one party's liability is purely vicarious." B&B Auto Supply, Sand Pit & Trucking
Co. v. Cent. Freight Lines, Inc. 603 S.W.2d 814, 817 (Tex. 1980). Texas recognizes
contractual indemnity. Bonniwell v. Beech Aircraft Corp., 663 S.W.2d 816, 819 (Tex. 1984);
B&B Auto Supply, 603 S.W.2d. at 817.

 Astra Oil argues that it has a claim for the vicarious liability incurred as a result of
Diamond Shamrock's breach of its contract with Astra Oil. Astra Oil relies on St. Anthony's
Hospital v. Whitfield for the proposition that "common law indemnity is recoverable by a
defendant who, through no act of his own, has been made to pay for the negligence of
another defendant based solely on the relationship between the two defendants." 946 S.W.2d
174, 175 (Tex. App.--Amarillo 1997, writ denied). However, Astra Oil fails to show that
the relationship between Diamond Shamrock and itself is the type of relationship that
imposes vicarious liability. In St. Anthony's Hospital, the relationship between the two
defendants was an employer and employee relationship. In the case before us, Astra Oil and
Diamond Shamrock had a contractual relationship. Astra Oil cites no authority to support
a finding of vicarious liability based solely on a contractual relationship. Under the facts of
this case, Astra Oil has not established a relationship to support its vicarious liability theory
or to show it is entitled to common-law indemnity. See LTV Energy Prod. Co. v.
Chapparral Inspection Co., 827 S.W.2d 593, 595 (Tex. App.--Houston [1st. Dist.] 1992,
pet. denied ) (stating that there was no agency or surety relationship that would allow
vicarious liability theory); Am. Alloy Steel, Inc. v. Armco, Inc., 777 S.W.2d 173, 175 (Tex.
App.--Houston [14th Dist.] 1989, no writ) (holding that mere contractual business
relationship did not give rise to obligation of implied indemnity). See generally Mid-Century
Ins. Co. v. Kidd, 997 S.W.2d 265, 274 (Tex. 1999).

Scope of the Trial Court Authority

 In its second point of error, Astra Oil argues that the trial court erred by exceeding its
authority when it ruled on the merits of an arbitrable contract issue regarding Astra Oil's
right to indemnification from Diamond Shamrock. Astra Oil claims that the trial court
should not have decided the indemnity issue because that was an issue to be decided in
arbitration pursuant to the arbitration provision in the contract between Astra Oil and
Diamond Shamrock. However, the issues of indemnification and vouching-in were the exact
issues Astra Oil requested the trial court to act on. Accordingly, we overrule Astra Oil's
second point of error.

 The judgment of the trial court is affirmed. 

 All pending motions are denied.





 Sam Nuchia

 Justice


Panel consists of Justices Hedges, Nuchia, and Smith. (3)

Publish. Tex. R. App. P. 47.
1. Astra Oil and Diamond Shamrock both rely on federal cases for their explanation of
the vouching-in procedure. In addition, both sides state that Texas law recognizes the
procedure of vouching-in "under certain circumstances." Astra Oil and Diamond
Shamrock cite to CGM Valve Co. v. Gulfstream Steel Corp as a Texas case that
recognizes the procedure of vouching-in. See CGM Valve Co. v. Gulfstream Steel
Corp., 596 S.W.2d 161 (Tex. App.--Houston [1st Dist.] 1980, writ ref'd n.r.e.).
CGM is a case that deals with statutory vouching-in. In the case before us, we are
presented with common law vouching -in. However, in its discussion of statutory
vouching-in, the CGM court implicitly discusses and recognizes common-law
vouching-in. Id.
2. Astra Oil also argues that Diamond Shamrock owed Astra Oil "a duty to provide a safe berth
for the Port Royal in Corpus Christi, a duty that the London panel concluded had been
breached." (Astra Oil's brief pg. 27.) To bolster this argument, Astra Oil states that the safe
berth provision created a warranty. However, Astra Oil confuses its causes of actions. If
Diamond Shamrock breached its contract or warranty with Astra Oil, Astra Oil must pursue
a breach of contract or breach of warranty cause of action against Diamond Shamrock. Here,
we are presented with vouching-in and duty-to-indemnify questions. Therefore, Astra Oil's
arguments as to the breach of contract and breach of warranty are irrelevant to this appeal. 
 
3. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of
Texas at Houston, participating by assignment.