**John C. CUNNINGHAM, Individually and In His Capacity as Executor of the Estate of Robert C. Fox, Appellant,**

v.

**Barbara S. FOX, Paige Fox, Karen Fox, David Fox and Jeanine Keel–Flynn, Appellees.**

No. B14–93–00209–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 12, 1994.

Rehearing Denied June 9, 1994.

Mark B. Collins, Houston, for appellant.

Joseph S. Horrigan, Houston, for appellees.

Before SEARS, LEE and JUNELL (sitting by appointment), JJ.

## OPINION

SEARS, Justice.

This is an appeal from a summary judgment. The central issue is whether Appellant's new pleading was an amended original petition that would "relate back" and defeat a statute of limitations defense, or whether it was a "new" pleading that was timed barred. The trial court ruled that a prior order dismissing Appellant's claim was a *final* order, and that Appellant's subsequent pleading amendment was a *new* pleading, barred by the statute of limitations. Appellant claims that the prior order was not final, and that the amendment should have "related back" to the timely filed original petition. We affirm.

On October 6, 1985, Robert C. Fox died in Costa Rica. John C. Cunningham was named in Mr. Fox's will as the sole distributee and as executor. The will was admitted to probate in Costa Rica on August 5, 1985. One year later, Barbara Fox sought to attain standing in this administration as Robert Fox's wife. However, on October 6, 1986, the Costa Rican Court ruled that she had no standing to contest the will.

On October 6, 1989, Barbara Fox filed a "Petition for Declaration of Heirship" of Robert C. Fox in Probate Court No. 1., of Harris County, Texas. Ms. Fox later amended her petition to name Appellant as "sole distributee." Appellant received notice of the heirship proceeding, but did not intervene or participate. On December 29, 1989, a judgment was signed declaring Barbara Fox as wife and Paige Fox as daughter of Robert C. Fox. Barbara Fox then refiled her contest in Costa Rica on May 6, 1991.

On November 8, 1991, Appellant brought an action for a bill of review in the Texas court. He filed an original petition in the *sole* capacity as "executor" of the estate. Barbara Fox then filed a motion in limine challenging Appellant's standing to intervene as an "executor." A hearing on the motion in limine was held on March 19, 1992, and the Court orally *rendered* judgment that Appellant had no "standing" because an executor "is not an interested party." On March 20, 1992, Appellant filed a "First Amended Petition for Bill of Review" alleging for the first time that he was the "sole devisee" under the will.

On March 26, 1992, the court signed an order evidencing the prior granting of the motion in limine. On September 16, 1992, Barbara Fox filed a motion for summary judgment, alleging that Appellant's amended petition was barred by the statute of limitations. On November 18, 1992, the trial court granted Appellees' motion for summary judgment, holding that its order of March 19, 1992, was a final order, and that Appellant's amended petition was actually a new suit which had been filed outside the statute of limitations.

In three points of error, Appellant contends that the trial court erred in granting the motion in limine, in holding that the March 19th order was a final order, and in holding that the amended petition was a new suit. We overrule all three points and affirm the trial court's judgment.

In order to prosecute a bill of review in a probate matter, a plaintiff must prove that he is a person "interested" in the estate. *Womble v. Atkins*, 160 Tex. 363, 331 S.W.2d 294 (1960); *Jones v. LaFargue*, 758 S.W.2d 320 (Tex.App.—Houston [14th Dist.]

1988, writ denied); and *In re Estate of Hill,* 761 S.W.2d 527 (Tex.App.—Amarillo 1988, no writ). The proper procedure to determine the issue of interest is to try that issue in a motion in limine in advance of the trial on the merits. *Womble,* 331 S.W.2d at 298; *Jones* at 323; and *Hill* at 528. It is the plaintiff's burden to prove that he is an individual interested in the estate. *Womble,* 331 S.W.2d at 298; *Jones* at 323; and *Hill* at 528.

■ The Texas probate code defines "interested persons" as "heirs, devisees, spouses, creditors or any others having a property right in, or claim against, the estate being administered." TEX.PROB.CODE ANN. § 3(r) (Vernon Supp.1994); *In re Estate of Hill,* 761 S.W.2d 527 (Tex.App.—Amarillo 1988, no writ); and *Seyffert v. Briggs,* 727 S.W.2d 624 (Tex.App.–Texarkana 1987, writ ref'd, n.r.e.). An executor of an estate is *not* an interested person. *Muse, Currie and Kohen v. Drake,* 535 S.W.2d 343 (Tex.1976), and *Travis v. Robertson,* 597 S.W.2d 496 (Tex. Civ.App.—Dallas 1980, no writ). A determination that the applicant lacks interest in the estate "is in no sense interlocutory," and is a final judgment. *Womble v. Atkins,* 160 Tex. 363, 331 S.W.2d 294 (1960).

■ Appellant maintains that the trial court's March 19th order was not a final judgment, because it was not a determination that he had "no interest" in the estate, but only a determination that he lacked interest in the estate in his "capacity" as executor. Therefore, he contends, the amended petition on March 20th related back to the original petition filed on November 8, 1991. Appellant cites *Abbott v. Foy,* 662 S.W.2d 629 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd, n.r.e.), to support his position.

In *Abbott,* a stepson of the deceased brought a will contest, alleging that the will was a forgery. A motion to dismiss was filed, alleging that the stepson lacked an interest in the estate. Appellant filed a response, claiming that he was a beneficiary in a prior will, and offered that will and codicil for probate. The trial court dismissed the contest, holding that the appellant was not an interested person. This Court reversed, holding that "Appellant's response to appellee's motion to dismiss is clearly an amend-ment to the original action." *Abbott* at 631. However, Abbott amended his pleading *before* a final judgment was rendered.

In the case at bar, Appellant's response to the motion in limine neither pled nor proved that he was entitled to pursue the bill of review because he was a devisee. Appellant wrongly pled that "Plaintiff, as Executor of the Estate of Robert C. Fox, is an 'interested person' within the meaning of Section 3(r)." An executor *is not* an "interested person" as defined in the Texas Probate Code. In concluding his response to the motion in limine, Appellant added:

> Plaintiff would show this Court that Defendant has previously admitted Defendant is an indispensable party to this action. Defendant's counsel stated in her affidavit which was filed with this Court that Defendant, as a devisee and executor of the will of Robert C. Fox was entitled to notice of the heirship proceedings.

We do not find that this comment fulfills Appellant's burden to *plead* and *prove* that he is an interested party in the estate. Appellant failed to plead that he was entitled to pursue this action as a devisee until after the trial court had dismissed the case and granted the motion in limine; such was too late. *See, Seyffert v. Briggs,* 727 S.W.2d 624, 628 (Tex.App.–Texarkana 1987, writ ref'd, n.r.e.) (In the absence of a pleading alleging a justiciable interest the trial court should dismiss the suit), *and Cronen v. City of Pasadena,* 835 S.W.2d 206, 210 (Tex.App.—Houston [1st Dist.] 1992, no writ) (When a case is dismissed, limitations run from the time the cause of action accrued until the date of the refiling).

■ A dismissal is the equivalent of a suit never having been filed. *Armstrong v. Ablon,* 686 S.W.2d 194 (Tex.App.—Dallas 1984, no writ). Therefore, if a suit is dismissed, the statute of limitations is not tolled for any new pleading filed. *Cronen v. City of Pasadena,* 835 S.W.2d 206, 210 (Tex.App.—Houston [1st Dist.] 1992, no writ). On March 19, 1992, the trial court dismissed Appellant's bill of review. Appellant's new pleading in the capacity of devisee was outside the statute of limitations. Unfortunate-

ly for Appellant, his amendment, though meritorious, came too late. Accordingly, we affirm the trial court's judgment.