IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40022
Conference Calendar
_____

VANCE LEVELL JOHNSON,

Plaintiff-Appellant,

versus

JIMMY E. ALFORD ET AL.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:94-CV-409
- - - - - - - - - -
June 30, 1995

Before JONES, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Vance Johnson alleged that the defendants violated his constitutional rights by enacting several administrative lockdowns against his cell block. Johnson alleged that he was released from the last lockdown on March 16, 1992. Johnson filed his action around June 6, 1994.

In 42 U.S.C. § 1983 suits, federal courts borrow the forum state's general or residual personal injury limitations period and any applicable state tolling provisions. In Texas, the

_____

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

applicable period is two years. Rodriquez v. Holmes, 963 F.2d 799, 803 (5th Cir. 1992). However, federal law controls when the cause of action accrues. Under the federal standard, the statute of limitations begins to run from the moment the plaintiff knows or has reason to know that he has been injured and who has inflicted the injury. Moore v. McDonald, 30 F.3d 616, 620-21 (5th Cir. 1994). Because Johnson knew or should have known of his alleged constitutional injuries and the people responsible for them by March 16, 1992, at the latest, the limitations period for filing suit regarding his grievances ended on March 16, 1994. See id.

Johnson states that the statute of limitations should be tolled because he originally filed a suit regarding the alleged violations surrounding the lockdowns on August 17, 1993. However, Johnson admits that he requested dismissal of his August 17, 1993 suit. Johnson also alleges that he made a good faith effort to meet the statute of limitations.

There are no applicable suspension or tolling provisions which would apply to Johnson's situation. Under Texas law, a dismissal is the equivalent of a suit having never been filed. Cunningham v. Fox, 879 S.W.2d 210, 212 (Tex. Ct. App. 1994). If a suit is dismissed, limitations run from the time the cause of action accrued, and the limitations is not tolled for any new pleading filed. Id. The two-year limitations period had been expired by at least two and one-half months before Johnson filed his action. The district court did not err in dismissing the suit with prejudice.

AFFIRMED.