*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*




# MEMORANDUM OPINION

No. 04-11-00009-CV

Perry **HAMMONDS**,
Appellant

v.

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE**,
Appellee

From the 218th Judicial District Court, Karnes County, Texas
Trial Court No. 10-05-00084-CVK
Honorable Ron Carr, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
Rebecca Simmons, Justice

Delivered and Filed:  August 17, 2011

AFFIRMED

This is an appeal from the trial court's dismissal of a lawsuit filed by an inmate against the Texas Department of Criminal Justice ("TDCJ").  On appeal, appellant asserts the trial court erred by dismissing his lawsuit and by not ruling on (1) his objections to the TDCJ's answer and its motion to dismiss, (2) his objection that the TDCJ did not comply with Texas Government Code section 2001.175, (3) his "offer of record," and (4) his request for findings of fact and conclusions of law.  We affirm.

**BACKGROUND**

Appellant, Perry Hammonds, is an inmate at the Stiles Unit in Beaumont, Texas. Hammonds initially brought three administrative grievances against the TDCJ, alleging forfeitures were improperly made from his inmate account. Hammonds originally filed suit against the TDCJ in district court on August 10, 2009. Although the record in this appeal does not contain the record from that lawsuit, Hammonds contends his suit was dismissed without prejudice on January 27, 2010. On May 13, 2010, Hammonds filed the underlying lawsuit, again alleging forfeitures were improperly made from his inmate account. The TDCJ moved to dismiss the suit on the grounds it was barred by the statute of limitations and, therefore, frivolous. The trial court dismissed the suit, and this appeal ensued.

**DISCUSSION**

A trial court may dismiss an inmate's claim if the court finds the claim is frivolous. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (West 2002). A claim is frivolous if, for among other reasons, the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or in fact. *Id.* § 14.003(b)(1), (2). In this case, the TDCJ argued Hammonds's claim was barred by the thirty-one-day statute of limitations imposed by Civil Practice and Remedies Code section 14.005, which provides as follows:

> (a) An inmate who files a claim that is subject to the grievance system established under Section 501.008, Government Code, shall file with the court:
>
>> (1) an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision described by Section 501.008(d), Government Code, was received by the inmate; and
>> (2) a copy of the written decision from the grievance system.

(b) A court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system.

*Id.* § 14.005(a), (b).

According to his affidavit, Hammonds received a written decision on each of his three grievances on July 18, 2009; July 21, 2009; and July 24, 2009, respectively. Thus, the limitations period on all three claims expired in mid-to-late August 2009. If Hammonds filed his original suit on August 10, 2009, then his suit was timely as to all three claims. However, that lawsuit was dismissed without prejudice, and Hammonds did not file this lawsuit until May 13, 2010, almost nine months after the limitations period expired.

In his objection to the TDCJ's motion to dismiss, Hammonds argued that because his August 2009 suit was timely and was dismissed without prejudice, his May 2010 suit was also timely because the dismissal without prejudice of the 2009 suit allowed him to refile. A dismissal is the equivalent of a suit never having been filed. *Cunningham v. Fox*, 879 S.W.2d 210, 212 (Tex. App.—Houston [14th Dist.] 1994, writ denied). Therefore, if a suit is dismissed, the statute of limitations is not tolled for any new pleading filed. *Id.* Accordingly, as a general rule, when a case is dismissed, limitations run from the time the cause of action accrued until the date of the refiling. *See id.*

"The procedural requirements placed on suits filed by indigent inmates under chapter 14 are designed to control the flood of frivolous lawsuits filed in the courts of this state by prison inmates." *Sanders v. Palunsky*, 36 S.W.3d 222, 226 (Tex. App.—Houston [14th Dist.] 2001, no pet.). "Requiring indigent inmates to file affidavits related to their previous filings, to exhaust their administrative remedies, to file suit within 31 days after the decision on their grievance, and to dismiss their suits if they do not comply, furthers the legitimate, even compelling, state

interest in protecting scarce judicial resources from the continued onslaught of prisoners who abuse the judicial system by filing frivolous civil lawsuits." *Id.* When Hammonds's 2009 suit was dismissed, he was still required to refile any subsequent suit within the appropriate limitations period, absent any statutory tolling period. In this case, there is no statutory authority for tolling Hammonds's inmate lawsuit. Accordingly, the applicable limitations period is calculated without reference to Hammonds's first suit. Therefore, the trial court did not err in concluding his claim was frivolous because it was filed outside the thirty-one-day limitations period.[1]

Hammonds also complains the trial court did not rule on his objection that the TDCJ failed to comply with the following requirement under the Texas Government Code:

> After service of the petition on a state agency and within the time permitted for filing an answer or within additional time allowed by the court, the agency shall send to the reviewing court the original or a certified copy of the entire record of the proceeding under review. The record shall be filed with the clerk of the court.
> . . . .

TEX. GOV'T CODE ANN. § 2001.175(b) (West 2008). Hammonds also complains the trial court erred by not ruling on his written "offer of proof" in which he asked the court to admit the TDCJ disciplinary report and hearing record. Hammonds did not re-urge these complaints during the hearing on the TDCJ's motion to dismiss, which he attended. And, it appears the trial court was aware of the file, which is also included in the record on appeal. Accordingly, we conclude Hammonds has not shown the trial court abused its discretion.

Finally, Hammonds asserts the trial court abused its discretion by failing to rule on his request for findings of fact and conclusions of law. Although Hammonds filed a request for

---

[1] The granting of the TDCJ's motion to dismiss is an implicit rejection of Hammonds's objection to the motion to dismiss and his objection to the TDCJ's original answer (which included a statute of limitations affirmative defense); therefore, we disagree with his complaints that the trial court did not rule on his objections.

findings of fact and conclusions of law, the trial court did not make the findings and conclusions. Hammonds did not file a notice of past due findings of fact and conclusions of law that complied with Texas Rule of Civil Procedure 297. *See* TEX. R. CIV. P. 297.[2] He thus waived any complaint regarding the court's failure to make the findings and conclusions.

## CONCLUSION

We overrule Hammonds's issues on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

---

[2] "If the court fails to file timely findings of fact and conclusions of law, the party making the request shall, within thirty days after filing the original request, file with the clerk and serve on all other parties in accordance with Rule 21a a 'Notice of Past Due Findings of Fact and Conclusions of Law' which shall be immediately called to the attention of the court by the clerk. Such notice shall state the date the original request was filed and the date the findings and conclusions were due." TEX. R. CIV. P. 297.