ANN CRAWFORD McCLURE, Chief Justice *674 This is an appeal from an order granting Margaret and Jesus Morales' Rule 91a motion to dismiss Anthony and Michael Aguilars' wrongful death action filed in the 205th District Court of El Paso County. For the reasons that follow, we affirm.
FACTUAL BACKGROUND
Anthony and Michael Aguilar (the Aguilars) filed a wrongful death suit against their sister, Margaret Morales, and brother-in-law, Jesus Morales (the Moraleses) in the 205th District Court of El Paso County on August 12, 2013. In their original petition, the Aguilars asserted that the Moraleses killed their mother, Alvilda Aguilar (Alvilda), when they drove her from San Antonio to El Paso for her late husband's funeral, and then back to San Antonio.[1] The original petition discussed the disruption in Alvilda's daily routine that arose as a result of her travels as well as the assertion that the Moraleses owed Alvilda a legal duty to maintain and assist her because Alvilda and her husband, Ramiro, provided housing, money, and other benefits to the Moraleses. The Moraleses were served on August 14, 2013.
On September 4, 2013, Margaret, individually and as Independent Executor of Alvilda's estate, moved to have the case transferred to Probate Court No. Two in Bexar County which was currently administering Alvilda's estate. The next day, the probate court granted the motion. The Moraleses filed their answer to the Aguilars' original petition on September 6, 2013, and on October 4, 2013, subsequently filed a Rule 91a motion to dismiss, asserting that the Aguilars' action had no basis in law or fact. The Bexar County Probate Court granted the motion to dismiss on October 29, 2013.
The Aguilars appealed the transfer of their wrongful death action and the order granting the motion to the Fourth Court of Appeals. The court explained that because Margaret was sued in her individual capacity and the lawsuit alleged only a wrongful death cause of action, the causes of action asserted in the El Paso County lawsuit were not "related to [the] probate proceeding" as the phrase is defined in the Texas Estates Code. Moreover, the court highlighted the fact that Margaret was not a party to the lawsuit in her capacity as independent executrix of Alvilda's estate. Accordingly, the appellate court concluded that the Bexar County Probate Court erred in granting the motion to transfer venue. It reversed and rendered judgment denying the motion to transfer. It then clarified that nothing in its opinion precluded the Moraleses from filing a motion to dismiss pursuant to Texas Rule of Civil Procedure 91a in the El Paso trial court.
The Bexar County Probate Court signed its order transferring the case back to the El Paso trial court on November 17, 2014, and on January 14, 2015, the Moraleses again moved to dismiss the case under Rule 91a. The El Paso trial court held a hearing on February 18, 2015, and requested that the parties submit additional briefing on the issue. On March 23, 2014, the El Paso trial court granted the Morales' motion and this appeal follows.
The Aguilars raise thirteen issues on appeal. For purposes of this appeal, we are adopting the Morales' organizational approach, grouping the Aguilars' thirteen issues *675 into three categories: (1) the timeliness of the filing of the motion to dismiss (Issues One, Two, Three, Four, and Thirteen)(Group One); (2) whether the trial court erred in granting the Morales' motion to dismiss (Issues Five, Six, Seven, Eight, Ten, and Eleven)(Group Two); and (3) whether the trial court had the authority to grant the motion more than 45 days after it was filed (Issues Nine, Twelve, and Thirteen)(Group Three).
STANDARD OF REVIEW
Rule 91a permits a party to move to dismiss a cause of action on the ground that it has no basis in law or fact. See TEX.R.CIV.P. 91a.1. As specified in the rule:
A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. Id. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.
Id. A motion to dismiss must identify each cause of action to which it is addressed and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both. TEX.R.CIV.P. 91a.2. The trial court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any exhibits permitted by Rule 59.[2] TEX.R.CIV.P. 91a.6.
We generally review a trial court's ruling on a motion to dismiss in other contexts for abuse of discretion; however, we review de novo the trial court's ruling on a question of law. See , e.g. , Nexion Health at Beechnut, Inc. v. Paul , 335 S.W.3d 716, 718 (Tex.App.-Houston [14th Dist.] 2011, no pet.) (applying de novo standard to review motion to dismiss in healthcare liability case when issue was whether service had been effected properly); Singleton v. Casteel , 267 S.W.3d 547, 550 (Tex.App.-Houston [14th Dist.] 2008, pet. denied) (applying de novo standard to review motion to dismiss to determine whether official immunity applied under Texas Tort Claims Act); Harris County Hosp. Dist. v. Textac Partners I , 257 S.W.3d 303, 315 (Tex.App.-Houston [14th Dist.] 2008, no pet.) (applying summary judgment standard to review motion to dismiss that addressed claims on merits). While we acknowledge that the determination of whether a cause of action has a basis in law is, on its face, a question of law, see GoDaddy.com, LLC v. Toups , 429 S.W.3d 752, 754 (Tex.App.-Beaumont 2014, pet. denied), the language of Rule 91a is less clear as to the determination of whether a cause of action has a basis in fact-in which case "no reasonable person could believe the facts pleaded"-is a question of law. TEX.R.CIV.P. 91a.1.
Although we acknowledge that Rule 91a motions to dismiss are unique, we find them to be analogous to pleas to the jurisdiction, which require a court to determine whether the pleader has alleged facts demonstrating jurisdiction. See Tex. Dep't of Parks & Wildlife v. Miranda , 133 S.W.3d 217, 225-26 (Tex. 2004). In that context, we construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction over a claim. Id. at 226. Even though we are construing the jurisdictional facts alleged in the petition, *676 whether a pleader has alleged facts that demonstrate jurisdiction is a question of law that we review de novo . Id. This determination is consistent with the requirement in Rule 91a to take the allegations, together with any reasonable inferences "as true." See TEX.R.CIV.P. 91a.1.
Rule 91a also requires the court to determine whether a "reasonable person could believe the facts pleaded" to determine whether a pleading has a basis in fact. TEX.R.CIV.P. 91a.1. This language is similar to a legal sufficiency challenge, in which we ask whether the evidence at trial would enable reasonable people to reach the verdict under review. See City of Keller v. Wilson , 168 S.W.3d 802, 827 (Tex. 2005). Even though we construe the factual evidence presented at trial, the determination of legal sufficiency is a question of law we review de novo . See id. at 822, 827.
Federal courts also apply a de novo standard of review to a trial court's ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[3] In re Katrina Canal Breaches Litigation , 495 F.3d 191, 205 (5th Cir. 2007). Rule 91a has unique language allowing dismissal of causes of action with no basis in law or fact. TEX.R.CIV.P. 91a. However, Federal Rule of Civil Procedure 12(b)(6) similarly allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted;" therefore, we find case law interpreting Rule 12(b)(6) instructive. FED.R.CIV.P. 12(b)(6) ; see also GoDaddy , 429 S.W.3d at 754.
For a complaint to survive a Federal Rule 12(b)(6) motion to dismiss, it must contain "enough facts to state a claim to relief that is plausible on its face."[4] GoDaddy , 429 S.W.3d at 754, quoting Bell Atl. Corp. v. Twombly , 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Facial plausibility requires facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. ,quoting Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Essentially, under the federal rules, the complaint is liberally construed in favor of the plaintiff, and all well-pleaded facts are taken as true. Id. , citing Ashcroft , 556 U.S. at 678-79, 129 S.Ct. at 1937 ; Erickson v. Pardus , 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. ,quoting Ashcroft , 556 U.S. at 678, 129 S.Ct. at 1937. Likewise, in determining whether the trial court erred in denying a defendant's motion to dismiss, federal courts take all of the plaintiff's allegations as true. Id. , citi ng Twombly , 550 U.S. at 570, 127 S.Ct. at 1955. Federal Rule 12(b)(6) dismissal is appropriate if the court determines beyond doubt that the plaintiff can prove no set of facts to support a claim that would entitle him to relief. Id. ,citing Scanlan v. Texas A & M Univ. , 343 F.3d 533, 536 (5th Cir. 2003).
Like our sister courts, we conclude that both determinations of whether *677 a cause of action has any basis in law and in fact are legal questions subject to de novo review , based on the allegations of the live petition and any attachments thereto. Wooley v. Schaffer , 447 S.W.3d 71, 76 (Tex.App.-Houston [14th Dist.] 2014, pet. denied). In conducting our review, similar to the analogous situations discussed above, we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact. Id. In doing so, we apply the fair notice pleading standard applicable in Texas to determine whether the allegations of the petition are sufficient to allege a cause of action. See Roark v. Allen , 633 S.W.2d 804, 810 (Tex. 1982) ("A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim."); see also Krenke , 2014 WL 1315896, at *5 (applying Texas's fair notice pleading standard to determine whether to grant motion to dismiss under Rule 91a ). Applying these standards, we turn to the issues raised on appeal by the Aguilars.
GROUP ONE: WAS THE MOTION TO DISMISS TIMELY FILED?
The crux of the Aguilars' arguments in Group One is that the Moraleses failed to file their Rule 91a motion to dismiss in the El Paso trial court before venue was transferred to the Bexar County Probate Court. According to the Aguilars, the failure to do so precludes the Moraleses from re-asserting the motion to dismiss when the case was transferred back to the El Paso trial court. The Morales' response to the Aguilars' argument is that the relation-back doctrine applies, and that the January 14, 2015, motion to dismiss in the El Paso trial court related back to October 4, 2013, the date the motion was originally filed in the Bexar County Probate Court. The issues essentially address the question of whether the Moraleses' second motion to dismiss was timely filed in the El Paso trial court.
The relation-back doctrine, now statutorily defined, originated as an equitable remedy designed to effectuate justice. Cain v. State , 882 S.W.2d 515, 518 (Tex.App.-Austin 1994, no writ). "[I]t enables the court to arrive at conclusions that will effectuate justice while maintaining simultaneously the appearance of logical consistency." Id. As the Dallas court of appeals stated, any defective pleading, when pointed out by motion or exception and cured by amendment, relates back and is deemed to be filed as of the time the prior defective plea was filed. Industrial State Bank of Houston v. Engineering Serv. & Equip., Inc. , 612 S.W.2d 661, 663 (Tex.Civ.App.-Dallas 1981, no writ).
When a cause of action is dismissed and later refiled, limitations are calculated to run from the time the cause of action accrued until the date that the claim is refiled. Clary Corp. v. Smith , 949 S.W.2d 452, 459 (Tex.App.-Fort Worth 1997, pet. denied) ; Cunningham v. Fox , 879 S.W.2d 210, 212 (Tex.App.-Houston [14th Dist.] 1994, writ denied) ; Cronen v. City of Pasadena , 835 S.W.2d 206, 210 (Tex.App.-Houston [1st Dist.] 1992, no writ), overruled on other grounds , Lewis v. Blake , 876 S.W.2d 314, 315 (Tex. 1994) ; Berry v. Humble Oil & Ref. Co. , 205 S.W.2d 376, 386 (Tex.Civ.App.-Waco 1947, writ ref'd n.r.e). This is because a dismissal is equivalent to a suit never having been filed such that the statute of limitations is not tolled for any new pleading filed. See Cunningham , 879 S.W.2d at 212. Additionally, the relation-back doctrine does not save claims that have been dismissed and are later refiled. Compare Cunningham , 879 S.W.2d at 212 (petition "amended"
*678 post-dismissal was a new lawsuit, not an amendment) with Abbott v. Foy , 662 S.W.2d 629, 631 (Tex.App.-Houston [14th Dist.] 1983, writ ref'd n.r.e.) (pleading amended before dismissal was an amendment to original pleading); see also Hanmore Dev. Corp. v. JBK Enter. , 776 S.W.2d 738, 740 (Tex.App.-Corpus Christi 1989, writ denied) (omission of a party in amended pleading operates as voluntary dismissal of party from lawsuit; if dismissed party is brought back into lawsuit through amendment made after limitations has run, suit is barred as to that party); Johnson v. Coca-Cola , 727 S.W.2d 756, 758 (Tex.App.-Dallas 1987, writ ref'd n.r.e.) (same).
For example, in Smith , two defendants filed a pleading in which they each asserted counterclaims against the plaintiff. 949 S.W.2d at 458. Because each defendant alleged damages amounts that exceeded the court's jurisdiction, the trial court dismissed their claims for want of jurisdiction. Id. at 459. The defendants subsequently attempted to reassert their claims in an "amended" pleading which they filed after the applicable statute of limitations expired. Id. The court of appeals explained that "a dismissal is equivalent to a suit never having been filed; thus, the statute of limitations is not tolled for any new pleading filed." Id. Therefore, it was as if they had never filed suit, and "the 'amendment' did not relate back to the date of the original counterclaim; instead, it was a new lawsuit because it was made post-dismissal." Id.
The facts of this case, however, are distinguishable from those in Smith : the Fourth Court of Appeals reversed the Bexar County Probate Court's order dismissing the case and rendered a judgment that the motion to transfer was denied. Based on these events, because the case was ultimately not dismissed, the Moraleses' January 14, 2015, motion to dismiss would not fall under the post-dismissal category in which the relation-back doctrine would not apply. It is clear that when the case was transferred back to the El Paso trial court, the action continued based on the Aguilars' original petition and the wrongful death cause of asserted therein; moreover, the temporary transfer of the case to the Bexar County Probate Court did not put the Aguilars in the position of a party who had never filed suit. Every pleading originally involved, including the Aguilars' original petition and the Moraleses' motion to dismiss, remained the same. The record does not reflect that this case was dismissed and later refiled, but rather that it was the same case and cause of action throughout. The Moraleses' January 14, 2015, subsequent motion to dismiss is more akin to an amended rather than a new pleading. Accordingly, it relates back to their original motion to dismiss, dated October 4, 2013, which was filed well within the 60 day requirement set out in Rule 91.a.
Additionally, the Aguilars' brief suggests several ways in which the rule should be interpreted to the facts at hand. For example, they insist that Rule 91a.8 requires that the motion to dismiss be heard in the court where the original pleading was filed. According to the Aguilars, only if the motion is denied may a motion to transfer be filed. In other words, no motion to transfer can be considered prior the ruling on the motion to dismiss. We disagree.
The example offered in the Moraleses' brief is especially helpful in addressing the Aguilars' point above. Both parties distinguish the unique nature of transfers of venue in probate cases as opposed to ordinary civil cases. Unlike other civil cases in which a motion to transfer venue is filed in the court in which the action is commenced, in probate cases, a statutory probate *679 court has the authority to transfer to itself a cause of action pending in another court that is related to the probate proceeding or in which the personal representative of an estate is named as a party. TEX.ESTATES CODE ANN. § 34.001(a) (West 2014). The probate court has the ability to make such a transfer on the motion of a person interested in the estate, or on the motion of a person who may or may not even be a party to the action that is the subject of the transfer order. Id. In that instance, it is highly probable, as the Moraleses point out, that an improper transfer of venue could occur due to a non-party's motion. According to the Aguilars' arguments in Group One, any party to that case would thus be precluded from later filing a motion to dismiss if the transfer order is later reversed. We agree with the Moraleses that it seems unlikely that the drafters of Rule 91a intended for such a result to occur. We acknowledge that this example is narrowly tailored to the unique characteristics of this case involving a probate court proceeding.
However, even in the instance where no statutory probate courts are involved, the Aguilars' construction of Rule 91a would likely still lead to a result the drafters of rule did not intend. Again, the Moraleses' brief has provided this court with a persuasive example concerning the consequences of the Aguilars' interpretation of Rule 91a. The example has the court consider a defendant who is sued in a case in which venue is mandatory in another county. First, the defendant files a Rule 91a motion to dismiss that is actually meritorious but is nevertheless denied by the trial court. The defendant then subsequently files a motion to transfer venue, which is erroneously denied by the trial court. Under those circumstances, the defendant is entitled to challenge the venue ruling in an original mandamus proceeding, see TEX.CIV.PRAC.&REM.CODE ANN. § 15.0642 (West 2002), and is successful in doing so. Ultimately, the case is then transferred back to the correct county where it should have been filed. If we were to adopt the Aguilars' reasoning, the defendant in this hypothetical would be precluded from refiling its Rule 91a motion to dismiss because more than 60 days necessarily passed from the date the defendant was served.[5] Surely the drafters of Rule 91a did not intend this result. We decline to adopt the Aguilars' interpretation of the rule. Accordingly, because we hold that the Morales' motion to dismiss was timely filed in the Bexar County Probate Court on October 4, 2013, and their January 14, 2015, motion to dismiss in the El Paso trial court relates back to the date of filing in the Bexar County Probate Court, we overrule Issues One, Two, Three, Four, and Thirteen.
GROUP TWO: DID THE EL PASO TRIAL COURT ERR IN DISMISSING THE AGUILARS' SUIT?
The Aguilars' next group of issues (Issues Five, Six, Seven, Eight, Ten, and Eleven) essentially challenges the El Paso trial court's order dismissing their suit. The Aguilars assert that their original petition had both a basis in law and in fact.
Rule 91a permits a trial court to dismiss a cause of action on the grounds that it has no basis in law or in fact. TEX.R.CIV.P. 91a.1. A cause of action has no basis in law *680 if the allegations, taken as true, together with the inferences reasonably drawn from them, do not entitle the claimant to the relief sought. Id.
The Aguilars' claims at trial involved a wrongful death action pursuant to section 71.002 of the Texas Civil Practice and Remedies Code. TEX.CIV.PRAC.&REM.CODE ANN. § 71.002 (West 2008). "The elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason , 143 S.W.3d 794, 798 (Tex. 2004). The threshold inquiry in a negligence case is whether the defendant owes the plaintiff a legal duty. Centeq Realty v. Siegler , 899 S.W.2d 195, 197 (Tex. 1995). The plaintiff must establish both the existence and the violation of a duty owed to the plaintiff by the defendant to establish liability in tort. Greater Houston Transp. Co. v. Phillips , 801 S.W.2d 523, 525 (Tex. 1990). The existence of duty is a question of law for the court to decide from the facts surrounding the occurrence in question. Id.
Additionally, as part of their wrongful death claim, the Aguilars were required to allege facts that would plausibly show the trial court that the Moraleses' actions were the proximate cause of their mother's death. Mason , 143 S.W.3d at 798. The two elements of proximate cause are cause in fact (or substantial factor) and foreseeability. D. Houston, Inc. v. Love , 92 S.W.3d 450, 454 (Tex. 2002). These elements cannot be satisfied by mere conjecture, guess, or speculation. Doe v. Boys Clubs of Greater Dallas, Inc. , 907 S.W.2d 472, 477 (Tex. 1995). The factual allegations in a petition must permit a reasonable inference that the Moraleses' actions were a substantial factor in bringing about Alvilda's death. Id. (cause in fact is established when the act or omission was a substantial factor in bringing about the injuries, and without it, the harm would not have occurred); Kramer v. Lewisville Memorial Hosp. , 858 S.W.2d 397, 400 (Tex. 1993) ; see , e.g. , Havner v. E-Z Mart Stores, Inc. , 825 S.W.2d 456, 459 (Tex. 1992) ; McClure v. Allied Stores of Texas, Inc. , 608 S.W.2d 901, 903 (Tex. 1980). Merely alleging that her death "would not have occurred" but for their negligence is insufficient. Rodriguez-Escobar v. Goss , 392 S.W.3d 109, 114 (Tex. 2013). Accordingly, "cause in fact is not established where the defendant's negligence does no more than furnish a condition which makes injuries possible." Mason , 143 S.W.3d at 799. In other words, an actor's negligence "may be too attenuated from the resulting injuries to the plaintiff to be a substantial factor in bringing about the harm." Providence Health Ctr. v. Dowell , 262 S.W.3d 324, 329-30 (Tex. 2008) (citations omitted); Doe , 907 S.W.2d at 477.
The Moraleses lived with Ramiro and Alvilda in San Antonio. Ramiro passed away in July 2012 and arrangements were made to bury him at the Fort Bliss National Cemetery in El Paso. The Moraleses drove Alvilda from San Antonio to El Paso so she could attend her husband's funeral. During her stay in El Paso, Alvilda suffered from an intestinal impaction. On her trip back to San Antonio, she became ill in Ozona and had to be taken to a hospital in San Angelo. From there, an ambulance transported her to San Antonio. She passed away on August 2, 2012, as a result of complications occurring from the impaction.
The Aguilars alleged the following assertions in support of their contention that the Moraleses were negligent and wrongfully caused Alvilda's death:
• The Moraleses had a duty to maintain and assist Alvilda because she *681 and Ramiro provided them with housing, money, and other benefits.
• Alvilda also had a right to be free from abuse, neglect, and exploitation. TEX.HUMAN RESOURCES CODE ANN. § 102.003(b)(3) (West 2013).
• The Moraleses failed to have Alvilda transported by airplane or motor home instead of by car from San Antonio to El Paso.
• The Moraleses made the trip in one day from San Antonio to El Paso rather than two days so that Alvilda could rest.
• While traveling and upon arrival in El Paso, Alvilda was under a different regimen and woke up, ate, bathed, and dressed at a different time than she was normally accustomed to.
• Margaret failed to make arrangements to have a medical doctor available in El Paso to check on Alvilda's medical condition and determine whether she was physically able to make the return trip to San Antonio.
• Margaret also made Alvilda attend a party at an El Paso restaurant and eat food that was extremely bad for her.
• On the morning they left to travel back to San Antonio, Margaret made Alvilda get out of bed at an extremely early hour, failed to see if she had an medical discomfort or problems, and failed to give her sufficient time to use the restroom facilities.
The Moraleses responded in their motion to dismiss that the Aguilars failed to allege facts to support the legal element that the Moraleses owed a duty to Alvilda. Specifically, the Moraleses asserted that the Texas law does not recognize a legal duty simply because Alvilda assisted them with housing and money. Additionally, the Moraleses highlight the undisputed fact that, at the time Alvilda traveled to El Paso for her husband's funeral, she was a fully competent individual. As such, there was no duty owed to a person competent to make her own decisions concerning travel.
The Moraleses further argued that the Aguilars' allegations, taken as true, do not constitute a legal basis for the claim that the Moraleses caused the wrongful death of Alvilda. Regarding the causation issue, a plaintiff must prove by a preponderance of the evidence, that a negligent act or omission was a substantial factor in bringing about the harm and without which the harm would not have occurred. Kramer , 858 S.W.2d at 400. The Moraleses argued that the Aguilars' assertions that (1) they drove Alvilda to El Paso in one day in a car, (2) took her to eat a restaurant that served bad food, (3) failed to have a doctor examine her in El Paso, (4) and changed her usual routine that she was accustomed to, were not the kind of acts or omissions that satisfy the causation element of the Aguilars' wrongful death claim.
The Aguilars fail to cite any other authority supporting their contention that the Moraleses owed Alvilda a legal duty to maintain and assist because Alvilda provided housing, money, and other benefits to the Moraleses. We have yet to find case law supporting such a contention. This is likely so because, as the Moraleses correctly point out, Texas law imposes no such duty. The only citation the Aguilars provide concerns their assertion that Alvilda has the right to be free from abuse, neglect, and exploitation, pursuant to section 102.003(b)(3) of the Texas Human Resources Code. TEX.HUM.RES.CODE ANN. § 102.003(b)(3). While this may be true, the Aguilars failed to plead a cause of action for any kind of abuse, neglect, or exploitation. The Aguilars also highlight section 102.003(b)(1), which provides that elderly individuals have the right to make *682 their own choices regarding their personal affairs. Id. at 102.003(b)(1). While correct in their citation, the Aguilars have nonetheless failed to highlight any dispute or facts pled in the petition suggesting that Alvilda was incompetent during the time in which she traveled to her husband's funeral and unable to make her own decisions.
The Aguilars' petition failed to establish that the Moraleses owed a legal duty to Alvilda. Therefore, we need not consider whether the facts in the petition supported the causation element of the Aguilars' wrongful death claim. We overrule Issues Five, Six, Seven, Eight, Ten, and Eleven.
GROUP THREE: DID THE EL PASO TRIAL COURT ERR WHEN IT RULED ON THE MORALES' MOTION TO DISMISS AFTER THE 45 DAY TIMEFRAME REQUIRED BY RULE 91A ?
A trial court must rule on a Rule 91a motion to dismiss within 45 days of the date it is filed. TEX.R.CIV.P. 91a.3(c). Here, the parties do not dispute the fact that the El Paso trial court signed its order dismissing the Aguilars' case 68 days after the motion was filed. It appears that the Aguilars' issues in Group Three (Issues Nine, Twelve, and Thirteen) contend that error occurred because the trial court did not timely rule on the motion to dismiss, thus requiring reversal.
However, the Aguilars must still show that error, if any, probably caused the rendition of an improper judgment to warrant reversal. TEX.R.APP.P. 44.1(a)(1). The Aguilars have failed to do so here. Furthermore, given the finding in Group Two that the Aguilars' petition had no basis in law or fact, it is difficult to see then how the late dismissal could have resulted in the rendition of an improper judgment. We overrule Issues Nine, Twelve, and Thirteen. Having overruled all issues for review, we affirm the judgment of the trial court.
Hughes, J., not participating

The Morales' brief refers to Alvilda as "Alvidra;" however, the record reflects that she spelled her name "Alvilda." Accordingly, we will also refer to the Morales' mother as "Alvilda."

Rule 59, in relevant part, allows "written instruments, constituting, in whole or in part, the claim sued on [to] be made part of the pleadings ... for all purposes." Tex.R.Civ.P. 59.

Before the adoption of Rule 91a, Texas procedure did not have a dismissal mechanism similar to Rule 12(b)(6). GoDaddy , 429 S.W.3d at 754. In 2011, the Legislature promulgated Section 22.004(g) of the Texas Government Code, which provides that the "supreme court shall adopt rules to provide for the dismissal of causes of action that have no basis in law or fact on motion and without evidence." See Tex.Gov't Code § 22.004(g) (West Supp. 2016); see also GoDaddy , 429 S.W.3d at 754.

In ruling on such a motion, the court cannot look beyond the pleadings. Bart Turner & Assocs. v. Krenke , 3:13-CV-2921-L, 2014 WL 1315896, at *4 (N.D. Tex. Mar. 31, 2014). The pleadings include the complaint and any documents attached to it. Id. ,citing Collins v. Morgan Stanley Dean Witter , 224 F.3d 496, 498-99 (5th Cir. 2000).

In addition to the practical reality that an original mandamus proceeding would unlikely be disposed of within 60 days, the Rules of Civil Procedure would dictate that 60 days necessarily must pass from the date the defendant is served. This is because the plaintiff would be entitled to a 21-day notice for the original motion to dismiss hearing and an additional 45-day notice for the hearing on the motion to transfer venue. See Tex.R.Civ.P. 91a.3(b); Tex.R.Civ.P. 87(1).