# Supreme Court of Texas

No. 24-0286

Studio E. Architecture and Interiors, Inc.,

*Petitioner*,

v.

Emily Lehmberg,

*Respondent*

On Petition for Review from the
Court of Appeals for the Fourth District of Texas

JUSTICE SULLIVAN, dissenting.

Texas's "certificate of merit" statute makes it hard to sue an architect. That's the point. Chapter 150 of the Civil Practice and Remedies Code says that "a claimant shall be required to file" an affidavit from a licensed or registered professional "with the complaint." Tex. Civ. Prac. & Rem. Code § 150.002(a). And it defines the "complaint" as "any petition or other pleading which, *for the first time*, raises a claim against a licensed or registered professional for damages arising out of the provision of professional services." *Id.* § 150.001(1-b) (emphasis added). Before the court below issued its decision, courts of appeals had "uniformly construed this language as requiring the plaintiff to file the

certificate of merit with the 'first-filed petition.'" *TIC N. Cent. Dall. 3, L.L.C. v. Envirobusiness, Inc.*, 463 S.W.3d 71, 77 (Tex. App.—Dallas 2014, pet. denied). This Court, however, concludes that the certificate of merit can be filed with the second (or even third or fourth) petition raising claims against a covered professional, so long as the previous petition was dismissed without prejudice.

Nothing in our precedents suggests that a court's power to dismiss without prejudice allows it to forgive noncompliance with a statutory requirement. Dismissal without prejudice just means that res judicata won't apply to future litigation. It doesn't guarantee that the plaintiff's path will be free from other barriers, like a statute of limitations or like Chapter 150. Because Emily Lehmberg didn't attach the statutorily required certificate of merit to her first-filed petition, and because dismissal without prejudice did nothing to cure that error, I respectfully dissent.

## I

Lehmberg was dissatisfied with a home-construction project, so she sued Studio E. Architecture and Interiors, Inc. Studio moved to dismiss her claims for noncompliance with Chapter 150, contending that she'd failed to file the requisite certificate of merit. Lehmberg then filed a second amended petition, along with a response to Studio's motion arguing that no certificate of merit was needed because her claims didn't arise from the provision of professional services.

The district court denied Studio's motion to dismiss, but the court of appeals sided with Studio on interlocutory appeal. *Studio E. Architecture & Interiors, Inc. v. Lehmberg*, No. 04-19-00026-CV, 2019

2

WL 3229194, at *5 (Tex. App.—San Antonio 2019, pet. denied). The case was remanded for the district court to decide whether to dismiss with or without prejudice. *Id.*

The district court chose to dismiss the claims without prejudice. Lehmberg filed a motion to clarify which pleading was dismissed because, in the meantime, she'd filed a third amended petition that now included a certificate of merit. The district court clarified that it had dismissed the second amended petition, not the third.

Studio moved to dismiss the third amended petition. As before, the district court denied the motion, and Studio challenged the order by interlocutory appeal. This time, the court of appeals affirmed. 690 S.W.3d 725, 729 (Tex. App.—San Antonio 2024). We granted Studio's petition for review.

## II

### A

To reduce the burden of litigation against architects, engineers, and land surveyors, the Legislature imposed a certificate-of-merit requirement. *See* Tex. Civ. Prac. & Rem. Code §§ 150.001–.002. A "certificate of merit" is an "affidavit of a third-party" expert who practices in the same industry as the defendant and describes under oath the factual basis for each theory of recovery and the negligence "or other action, error, or omission" that the defendant is alleged to have committed. *Id.* § 150.002(a), (b). This affidavit must be filed "with the complaint." *Id.* § 150.002(a).

The statute's reference to "the complaint" might seem a tad confusing to Texas practitioners. That's because our state courts refer

3

to the document containing a plaintiff's pleadings as the "petition," not the "complaint." *See, e.g.*, Tex. R. Civ. P. 22. And the term is at least a little ambiguous because although "complaint" usually refers to "[t]he *initial* pleading that starts a civil action," *Complaint*, *Black's Law Dictionary* (11th ed. 2019) (emphasis added), courts sometimes use it to refer to a plaintiff's amended pleading as well, *see, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). Perhaps anticipating such confusion, the Legislature defined "complaint" as "any *petition* or other pleading which, *for the first time*, raises a claim against a licensed or registered professional for damages arising out of the provision of professional services by the licensed or registered professional." Tex. Civ. Prac. & Rem. Code § 150.001(1-b) (emphases added).

The import of this definition should be clear enough. A party must attach the certificate of merit to the *first* pleading asserting claims against her architect. Lehmberg didn't do that. Her (original) petition included claims against Studio, but omitted the required certificate of merit. She attached it for the first time to her third amended petition, but that was too late because that wasn't "the complaint"—the first-filed petition alleging claims against Studio.

**B**

So what *should* a party do if she belatedly realizes that she needed to attach a certificate of merit to her "complaint"? We've held that Section 150.002(e) gives trial courts discretion to dismiss without prejudice. *Pedernal Energy, LLC v. Bruington Eng'g, Ltd.*, 536 S.W.3d 487, 492–94 (Tex. 2017). As a result, a plaintiff whose case is dismissed

4

without prejudice for failing to include a certificate of merit can still file a new complaint in a separate action.

Requiring parties to bring a new action rather than simply filing an amended petition isn't a meaningless formality. The Legislature's choice to make parties attach certificates of merit to the first-filed petition serves an important function. A party who nonsuits and files a new action must do so before the statute of limitations expires. *See Levinson Alcoser Assocs., L.P. v. El Pistolón II, Ltd.*, 670 S.W.3d 622, 631 (Tex. 2023) ("[T]he running of a limitations period is not tolled when a suit is dismissed and refiled . . . ."); *CHCA Woman's Hosp., L.P. v. Lidji*, 403 S.W.3d 228, 233 (Tex. 2013) ("[A] voluntary nonsuit does not interrupt the running of the statute of limitations."). In contrast, when a party merely files an amended pleading, the new claim will generally "relate back" to the original petition, "unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence." Tex. Civ. Prac. & Rem. Code § 16.068.

If you put these two rules together—(1) the original petition must be filed within the limitations period and (2) the certificate of merit must be filed with the first-filed petition—the Legislature's design is clear: Certificates of merit must be filed within the limitations period. This emphasis on timeliness and prompt dismissal is only made clearer by the rest of the statute. Section 150.002(g) says that the statute "shall not be construed to extend any applicable period of limitation or repose." *Id.* § 150.002(g). Section 150.002(c) provides only one narrow exception to that rule, allowing the certificate of merit to be filed up to 30 days late if the petition was filed when the limitations period was about to run out

5

and the certificate couldn't be prepared in time. *Id.* § 150.002(c). The Court's fashioning of a new exception to the timeliness rule blows that 30-day forgiveness period out of the water, permitting Lehmberg to file the certificate of merit years after the first-filed petition against Studio.

The Court's failure to heed Chapter 150's design means that parties like Lehmberg can engage in years of litigation before complying with their statutory duty, and parties like Studio may be forced to go through discovery without the benefit of this statutory protection.

## C

The Court makes a powerful retort to my core point, which is that "first" means the actual first-filed petition, not the first filed after dismissal without prejudice. If first *really* meant first, says the Court, then filing a new lawsuit wouldn't solve the problem. Recall that "complaint" means a petition that, "for the first time, raises a claim against a licensed or registered professional" for covered types of claims. *Id.* § 150.001(1-b). The Court reasons that if a party files a new lawsuit, this time with the certificate of merit attached, that complaint would at best be the second petition "rais[ing] a claim against a licensed or registered professional." *Id.* Under that logic, refiling would never cure the failure to attach a certificate of merit, so dismissal would always have to be with prejudice. Yet that can't be what the Legislature intended, because the statute explicitly gives courts the option to dismiss without prejudice. *Id.* § 150.002(e).

I agree with the Court this far: Section 150.001(1-b) must be read in context. Indeed, context is indispensable because without it, the Court's objection could be carried to absurdity. If we were to follow the

6

statute's raw, decontextualized meaning, the result would be silly. The pleading that, "for the first time, raises a claim against a licensed or registered professional," such as an architect, engineer, or surveyor, was probably made thousands of years ago. The Code of Hammurabi imposed very strict penalties on architects who built faulty houses. *See, e.g.*, *The Code of Hammurabi King of Babylon* §§ 229–33 (Robert Francis Harper trans., 2d ed. 1904). And someone surely sued a licensed professional not long after these amendments went into effect in 2019. But whether the pleading that "for the first time, raises a claim against a licensed or registered professional" was made in 1753 B.C. or 2019 A.D., the point remains: We have to inject some common sense. "First" can't mean first of all time *in any case whatsoever*. While that reading is semantically possible, no reasonably competent user of the English language would read it that way. *See, e.g.*, *Brown v. City of Houston*, 660 S.W.3d 749, 754 (Tex. 2023) ("[M]eanings cannot be determined in isolation but must be drawn from the context in which they are used." (quoting *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 441 (Tex. 2011))). And common sense provides a handy rejoinder to the Court's rhetorical move. It is most natural to read the statute's reference to "first" to mean the first-filed petition *in that action*, not the first-filed petition of all time.

## D

Ultimately, my point of divergence from the Court is its reliance on the "ordinary rule," which is that if a petition is dismissed without prejudice, the plaintiff can reassert her claims by filing an amended petition in the same case rather than filing a whole new action. *See Ante*

7

at 8. I don't quibble with the Court's summary of the difference between dismissal with and without prejudice. In short, dismissal with prejudice adjudicates the claims, meaning res judicata bars the parties from relitigating them. *See, e.g.*, *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 358 (Tex. 1998). Dismissal without prejudice doesn't trigger res judicata. *See Ante* at 18 (quoting *Miramar Petrol., Inc. v. Cimarron Eng'g, LLC*, 484 S.W.3d 214, 218 (Tex. App.—Corpus Christi–Edinburg 2016, pet. denied)). The Court is also quite right that, in general, parties may freely amend their pleadings. *Id.*

All of this is basic stuff most lawyers learn in law school. It also has nothing to do with the meaning of Chapter 150. To be sure, ordinary principles of law let plaintiffs file amended pleadings if their claims haven't been dismissed with prejudice. By design, though, Chapter 150 is not the "ordinary rule." The process Chapter 150 created *ex nihilo*, requiring plaintiffs to file an expert affidavit before they can sue, is a departure from the normal legal rules. And Chapter 150 is explicit that the affidavit must be filed with the first-filed petition. *See* Tex. Civ. Prac. & Rem. Code § 150.001(1-b). It's a non sequitur to respond, as the Court does, that ordinary principles of res judicata permit a party to address pleading deficiencies by filing an amended petition. Sure, ordinary principles allow that, but Chapter 150 doesn't because such a petition would not raise claims for the "first time."

Nor is it an answer to pound the drum of "judicial efficiency." *Ante* at 10–11. It's the Legislature's prerogative to decide what is most efficient. Even if that were our job, it's not at all clear that the Court's rewrite is more efficient. This case illustrates why. It took three years

and two interlocutory appeals before Studio received the certificate of merit—a certificate that Chapter 150 said Studio would receive at the beginning of the lawsuit. If Chapter 150 were followed from the outset, this litigation might already be over.

## E

While I disagree with the Court's reading of Chapter 150, it probably won't make a difference in the end. Everyone agrees that the district court was right to dismiss Lehmberg's second amended petition. The parties also seem to agree that the statute of limitations ran before Lehmberg filed her third amended petition. So Lehmberg's claims against Studio in the third amended petition are time-barred unless she can claim the benefit of the "relation back" principle.

I agree with the Court's decision to let the district court decide this issue. Still, it's hard to imagine it being resolved against Studio. The Court suggests as much. Though it doesn't say outright that the third amended petition (or "first" petition, according to the Court's legal fiction) was time-barred, it does say that Studio shouldn't have assumed that Lehmberg's amended petition would relate back to her original. *Ante* at 11–12. The Court notes that Section 16.068, which allows an amended petition to relate back if it doesn't "change[] the facts or grounds of liability or defense," doesn't apply here. Tex. Civ. Prac. & Rem. Code § 16.068. That's because "an amended pleading adding a new party does not relate back to the original pleading." *Ante* at 11–12 (emphases omitted) (citing *Univ. of Tex. Health Sci. Ctr. at S.A. v. Bailey*, 332 S.W.3d 395, 400 (Tex. 2011)). So I agree with the Court that, at a minimum, Studio shouldn't have assumed that Lehmberg's third

9

amended petition would relate back. Indeed, as the Court seems to agree, Lehmberg's third amended petition is probably time-barred because it sought to add (back) in a party after the statute of limitations had run.

I also understand the Court to be relying on a line of precedent that says that when a party files an amended petition after the prior one was dismissed without prejudice, it counts as "a new lawsuit, not an amendment." *Aguilar v. Morales*, 545 S.W.3d 670, 678 (Tex. App.—El Paso 2017, pet. denied) (citing *Cunningham v. Fox*, 879 S.W.2d 210, 212 (Tex. App.—Houston [14th Dist.] 1994, writ denied)). That line of cases dealt with principles of res judicata, and for the reasons discussed above, I don't think that legal rule applies to Chapter 150. But if it does, then Lehmberg can't have her cake and eat it too. She can't argue that the third amended petition was in essence a new lawsuit against Studio for purposes of Chapter 150, but just a continuation of the old lawsuit when it comes to the statute of limitations.

Furthermore, as the court below reasoned, dismissal without prejudice "places the parties in the position they were in before the court's jurisdiction was invoked just as if the suit had never been brought." 690 S.W.3d at 729. That may be good news if the statute of limitations hasn't run, but it's bad news if it has. If the parties are in the same position "as if the suit had never been brought," that means Lehmberg doesn't get to benefit from the relation-back doctrine. As we recognized in *Levinson*, "the running of a limitations period is not tolled when a suit is dismissed and refiled." 670 S.W.3d at 631. Thus, dismissal without prejudice will have the same effect as dismissal *with*

10

prejudice if the statute of limitations has since run. *See Aguilar*, 545 S.W.3d at 677; *Delhomme v. Comm'n for Law. Discipline*, 113 S.W.3d 616, 621 (Tex. App.—Dallas 2003, no pet.); *Clary Corp. v. Smith*, 949 S.W.2d 452, 459 (Tex. App.—Fort Worth 1997, pet. denied); *Cunningham*, 879 S.W.2d at 212; *accord Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018); *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007). This logic is particularly inescapable here, because Section 150.002(g) is explicit that it "shall not be construed to extend any applicable period of limitation or repose." Tex. Civ. Prac. & Rem. Code § 150.002(g). So limitations will probably resolve this case on remand.

*     *     *

Chapter 150 is clear: The certificate of merit must be filed with the pleading that raises claims against an architect, engineer, or surveyor for the first time. In my view, a plaintiff could never satisfy this rule by filing an amended petition because that pleading wouldn't raise such claims "for the first time." I respectfully dissent.

James P. Sullivan
Justice

**OPINION FILED:** May 29, 2026