

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ERIC B. DARNELL, Individually. and ERIC B. DARNELL, P.C., | § | |
| | § | |
| Appellants, | | 08-17-00067-CV |
| | § | |
| v. | | Appeal from the 205th District Court |
| | § | |
| LEE H. ROGERS, JR., DOROTHY R. KEEBLE, BARBARA R. ROWE, and LINDA R. FITE | | of El Paso County, Texas |
| | § | |
| | | (TC# 2016DCV0857) |
| | § | |
| Appellees. | | |
| | § | |

## **O P I N I O N**

Appellants Eric B. Darnell, individually, and Eric B. Darnell, P.C. (collectively, "Darnell")

appeal from the trial court's dismissal of their claims against Appellees Lee H. Rogers, Jr., Dorothy

R. Keeble, Barbara R. Rowe, and Linda R. Fite. The court dismissed Darnell's claims against

Rogers pursuant to the Texas Citizen's Participation Act ("TCPA"). It dismissed Darnell's claims

against the remaining Appellees pursuant to Rule 91a of the Texas Rules of Civil Procedure. *See*

TEX.CIV.PRAC.&REM.CODE ANN. §§ 27.001, *et seq*.; TEX.R.CIV.P. 91a.

### **BACKGROUND**

Lee Rogers retained Darnell to probate his mother's will. Rogers became dissatisfied with

Darnell's representation because the matter was not pursued within the time promised and Darnell

would not return either Rogers' or his sisters' telephone calls. Darnell moved to withdraw from representing Rogers and made statements in the motion to withdraw that Rogers asserts are false. Rogers demanded that Darnell return the $1,500 he had paid him, but Darnell refused. On February 24, 2016, Rogers filed a grievance against Darnell with the State Bar of Texas.

Darnell filed suit on March 4, 2016, against Rogers and his sisters, Dorothy R. Keeble, Barbara R. Rowe, and Linda R. Fite. He did not, however, serve Appellees with process until August 1, 2016. In his petition, Darnell asserts causes of action for libel, slander, negligent misrepresentation, defamation, business disparagement, aiding and assisting in each claim, aiding and participating in each claim, acting in participation in each claim, and conspiracy. We note that libel and slander are merely the means by which defamation occurs.[1] *Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 623 (Tex. 2018), *cert. denied*, 139 S.Ct. 1216, 203 L.Ed.2d 208 (2019). We will, therefore, address those claims under the umbrella of defamation rather than separately.

Darnell alleges that, in 2015 and into 2016, Appellees began making negative statements about him to "various individuals," including court personnel. Darnell then makes the following fact statement, which he incorporates by reference into his various causes of action.

> 14. The DEFENDANTS would alternate leaving borderline psychotic messages on the voice message system making claims related to and alleging that this Firm had or agreed to represent each of them when, in fact, each of the DEFENDANTS, including DEFENDANT KEEBLE, DEFENDANT ROWE and DEFENDANT FITE, and that they had retained this Firm to represent them knowing that the foregoing statements were not true and, not only were the statements not true, the statements were false because this Firm was representing an individual, DEFENDANT ROGERS, who was adverse to each of them and who had adverse interests to their interests.

> 15. Said representations included misstatements such as the following:

---

[1] Slander is an oral defamatory statement; libel is a written defamatory statement. *Dallas Morning News*, 554 S.W.3d at 623.

2

a. DEFENDANTS demanded return phone calls despite being adverse to a Client of this Firm;

b. DEFENDANTS demanded personal and confidential information related to a Client of this Firm; and,

c. as well as other defamatory statements and representations.

Appellees answered and raised a variety of defensive matters, including an allegation that Darnell's suit was filed in retaliation for Rogers filing an ethics complaint against him with the State Bar of Texas. Appellees also filed numerous special exceptions asserting defects in Darnell's pleadings. The record does not contain any ruling on these special exceptions.

Rogers filed a motion to dismiss the suit against him pursuant to the TCPA. He alleges that filing a grievance against Darnell with the State Bar of Texas is an exercise of his right to petition, as protected under the TCPA. The motion to dismiss is supported by Rogers' affidavit, a copy of the grievance, and a copy of a letter Rogers sent to Darnell on October 20, 2015. That letter states, in part, "I hereby demand that you return the $1,500 that I paid you. If I don't receive the money within 10 days, I will do whatever is afforded to me by law to collect it." Rogers also filed a supplemental affidavit, in which he stated that his sister, Keeble, had left a message for Darnell telling him she knew how to get in touch with the bar association.

Appellees Keeble, Rowe, and Fite filed a motion to dismiss the suit against them pursuant to Rule 91a of the Texas Rules of Civil Procedure. They assert that those claims have no basis in law or in fact. In particular, they assert that, "[b]ecause the Plaintiffs have failed to plead any facts supporting of any cause of action, it is not possible to determine whether the Plaintiffs are entitled to any relief on any cause of action. No reasonable person could believe the facts pleaded because there are none."

On November 14, 2016, the trial court signed an order granting Keeble, Rowe, and Fite's Rule 91a motion and dismissing Darnell's claims against them. The order states that Darnell's

petition "fails to state sufficient facts to allow reasonable inference to be reasonably drawn from the allegations that the Plaintiffs are entitled to the relief sought." The court ordered Darnell to pay attorney's fees in the amount of $4,754.03.

On the same day, the trial court signed an order granting Rogers' TCPA motion and dismissing Darnell's claims against him. The order states that Darnell's claims are "based on statements made by Defendant Rogers to the State Bar of Texas which is protected speech." The court ordered Darnell to pay attorney's fees in the amount of $5,335.00.

On December 5, 2016, the two dismissal orders were incorporated into a final take-nothing judgment which orders Darnell to pay a total of $10,089.03 in attorney's fees. This appeal followed.

## ISSUES

Darnell raises twelve issues, which fall into three general categories: (1) error in granting the motion to dismiss under the TCPA, so the award of attorney's fees based on TCPA cannot stand (Issues One, Two, Three, and Twelve); (2) error in granting the motion to dismiss pursuant to Rule 91a (Issues Four, Five, Six, Eight, and Ten); and (3) error in awarding attorney's fees (Issues Seven, Nine, and Eleven).

## STANDARD OF REVIEW

### *Dismissal under the TCPA*

A trial court's order dismissing a claim under the TCPA is reviewed *de novo*. *Dallas Morning News, Inc. v. Hall*, No. 17-0637, 2019 WL 2063576, at *5 (Tex. May 10, 2019); *MVS Int'l Corp. v. Int'l Advert. Sols., LLC*, 545 S.W.3d 180, 190 (Tex.App.—El Paso 2017, no pet.). The court first examines whether the defendant invoked the TCPA by showing, by a preponderance of the evidence, that the plaintiff's claim "is based on, relates to, or is in response to the

[Defendant's] exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association." TEX.CIV.PRAC.&REM.CODE ANN. § 27.005(b); *see MVS Int'l*, 545 S.W.3d at 190. If that burden is sustained, then the court examines whether the plaintiff "establishe[d] by clear and specific evidence a prima facie case for each essential element of the claim in question." TEX.CIV.PRAC.&REM.CODE ANN. § 27.005(c); *see MVS Int'l*, 545 S.W.3d at 190.

### *Dismissal under Rule 91a*

The merits of a Rule 91a motion to dismiss are reviewed *de novo* "because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016); *see Aguilar v. Morales*, 545 S.W.3d 670, 676–77 (Tex.App.—El Paso 2017, pet. denied). In conducting that review, the Court applies the Texas fair notice pleading standard, under which a petition is sufficient "if it gives fair and adequate notice of the facts upon which the pleader bases his claim." *Aguilar*, 545 S.W.3d at 677 (quoting *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982)). In other words, the court must "assess the sufficiency of pleadings by determining whether an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy." *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007).

A court applying the fair notice standard to a Rule 91a motion to dismiss must construe the pleadings liberally in the plaintiff's favor, look to the pleader's intent, and accept as true the pleading's factual allegations. *In re RNDC Texas, LLC*, No. 05-18-00555-CV, 2018 WL 2773262, at *1 (Tex.App.—Dallas June 11, 2018, orig. proceeding)(mem. opn.); *In re Odebrecht Constr., Inc.*, 548 S.W.3d 739, 746 (Tex.App.—Corpus Christi 2018, orig. proceeding). "If a petition provides sufficient facts to give fair notice of the claim, then a motion seeking dismissal based on lack of a basis in fact should be denied. Similarly, if nothing in the pleading itself triggers a clear

5

legal bar to the claim, then there is a basis in law and the motion should be denied." [Citation omitted]. *In re RNDC*, 2018 WL 2773262, at \*1.

## DISCUSSION

### *Dismissal under the TCPA*

The threshold question under the TCPA is whether the defendant established, by a preponderance of the evidence, that the lawsuit against him is based on, related to, or made in response to his exercise of the right of free speech, the right to petition, or the right of association. *Dallas Morning News*, 2019 WL 2063576, at \*4; *Deaver v. Desai*, 483 S.W.3d 668, 672 (Tex.App.—Houston [14th Dist.] 2015, no pet.); Tex.Civ.Prac.&Rem.Code Ann. § 27.003(a). Rogers asserted in his motion to dismiss that Darnell's suit against him was related to, or made in response to, his exercise of the right to petition by filing a grievance with the State Bar of Texas. Darnell asserts that Rogers failed to sustain his burden of proof on this issue. We agree.

In evaluating a motion to dismiss under the TCPA, the court is directed to consider "the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." Tex.Civ.Prac.&Rem.Code Ann. § 27.006(a). Rogers supported his motion with an affidavit stating that he filed a grievance against Darnell on February 24, 2016, and that Darnell filed his lawsuit on March 4, 2016. Rogers was not served with the lawsuit until August 1, 2016. Rogers then states, "although Mr. Darnell never specifies any defamatory statement made by me or my sisters, I know it must be in relation to the grievance that I filed with the State Bar of Texas." In a supplemental affidavit, Rogers states that Darnell "knew full well that I would be filing a grievance." The basis for this assertion is that Keeble had left a message for Darnell in September 2015 informing him that she "knew how to get ahold of the state bar," and Rogers had sent Darnell a letter demanding that he return the fee Rogers paid him. Rogers maintains that the "only

6

conclusion" he could draw from these facts is that Darnell "probably filed this lawsuit as a preemptive measure" and did so "in relation for [sic] my filing the grievance against him."

A review of Darnell's petition shows that his claims against Rogers are based on alleged false, defamatory, or disparaging statements made by Rogers to "various individuals, including but not limited to Court personnel." There is no mention of a grievance or any other communication with the State Bar of Texas. And, more problematically for Rogers' position, Darnell demonstrated that he did not receive notice of the grievance against him until *after* he filed his lawsuit. Rogers argues on appeal that Darnell's suit "can only be characterized as a preemptive effort" to dissuade him from filing a grievance. But there is no evidence to support this argument. Rogers' affidavit statements that he "knew" the lawsuit "must be in relation to the grievance," and that the "only conclusion" is that Darnell "probably" filed suit as a preemptive measure, are mere speculation. Those statements have no probative value and do not constitute any evidence. *See Kramer v. Kastleman*, 508 S.W.3d 211, 231 n.100 (Tex. 2017)(speculative evidence is no evidence).

In addition, neither the fact that Keeble told Darnell that she knew how to get in touch with the bar association nor Rogers' demand for the return of his fee supports an inference that Darnell was so concerned that Keeble or Rogers might actually file a grievance that, four or five months later, he filed suit to discourage them from doing so.

Finally, Rogers finds significance in the fact that Darnell waited three or four months after filing suit to request service of process. He maintains that this delay "seems to speak volumes about [Darnell's] intent." There is, however, no *evidence* of the reason for the delay in requesting service of process. Rogers' speculation that the delay somehow relates to his grievance does not constitute any such evidence. *See id.*

7

Rogers did not establish, by a preponderance of the evidence, that Darnell's claims against him are related to, or made in response to, Rogers' exercise of the right to petition. *See Dallas Morning News*, 2019 WL 2063576, at *4; TEX.CIV.PRAC.&REM.CODE ANN. § 27.003(a). He therefore failed to sustain his threshold burden under the TCPA. *See Dallas Morning News*, 2019 WL 2063576, at *4; *Deaver*, 483 S.W.3d at 672. For this reason, the burden never shifted to Darnell to establish by clear and specific evidence a prima facie case for each essential element of his claims. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 27.005.

The trial court erred by granting Rogers' motion to dismiss under the TCPA. The judgment is reversed insofar as it dismisses and orders a take-nothing judgment on Darnell's claims against Rogers. Darnell's argument in issue one that asserts a dismissal based on the TCPA is erroneous is sustained.

### *Dismissal under Rule 91a*

A party may move to dismiss a cause of action "on the grounds that it has no basis in law or fact." TEX.R.CIV.P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.* The motion "must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both." *Id.* at 91a.2. The trial court may not hear evidence on the motion, but must decide it "based solely on the pleading of the cause of action." *Id.* at 91a.6; *see AC Interests, L.P. v. Texas Comm'n on Envtl. Quality*, 543 S.W.3d 703, 706 (Tex. 2018).

In five issues, Darnell contends that the trial court erred by granting the Rule 91a motion to dismiss because: (1) his claims have a basis in law and fact; (2) his pleadings were not required

to contain "evidence or any factual detail;" (3) the court failed to apply "the factual basis test;" (4) the court erred by concluding his claims had no basis in law based on its determination that Darnell's pleading contained insufficient facts; and (5) the court employed a definition unrelated to the rule's definitions of "no basis in law" or "no basis in fact." These five issues, in essence, assert that the trial court did not properly apply the law in assessing whether his petition sufficiently demonstrated that his causes of action have a basis in fact.

Whether a petition sufficiently alleges a cause of action to survive a Rule 91a motion to dismiss is determined by applying Texas's "fair notice" pleading standard. *Thomas v. 462 Thomas Family Properties, LP*, 559 S.W.3d 634, 639 (Tex.App.—Dallas 2018, pet. denied); *Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 599 (Tex.App.—Corpus Christi 2017, no pet.); *Koenig v. Blaylock*, 497 S.W.3d 595, 599 (Tex.App.—Austin 2016, pet. denied). Under this standard, "[a] petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim." *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982).

### *Defamation and business disparagement*

Darnell alleged in his petition that in 2015 and into 2016, Appellees "began publishing negative statements regarding [Darnell]" . . . "to various individuals, including but not limited to Court personnel." The petition does not indicate the manner of publication, the content of any "negative" statements, whether or how any such statements were false, the identity of the "various individuals" to whom the statements were made, or the context of any statements to court personnel, such as whether those statements were contained in a legal pleading. This allegation is insufficient to give fair and adequate notice of the facts on which Darnell bases his claims. *See Roark*, 633 S.W.2d at 810.

9

Darnell next alleges as fact that Keeble, Rowe, and Fite (1) left voicemail messages falsely stating that Darnell represented, or agreed to represent, them; (2) demanded return phone calls even though they were not clients and were adverse to a firm client (presumably Rogers); and (3) demanded confidential information about a firm client (again, presumably Rogers). Claims for defamation and business disparagement both require that the defendant publish a falsehood to a third party. *See Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 579 (Tex. 2017)(defamation); *In re Lipsky*, 460 S.W.3d 579, 592 (Tex. 2015)(business disparagement). A demand from a non-client that a lawyer return phone calls or provide confidential information may be unwarranted, but it does not constitute a falsehood. In addition, each of the statements cited above was alleged to have been made *to Darnell*, not to a third party. As a result, those allegations, taken as true and together with inferences reasonably drawn from them, do not entitle Darnell to relief for defamation or business disparagement. *See* TEX.R.CIV.P. 91a; *Rincones*, 520 S.W.3d at 579; *In re Lipsky*, 460 S.W.3d at 592.

Our analysis does not end, however, with the facts alleged in the general fact statement section of Darnell's petition. While the petition, for the most part, simply incorporates that general fact statement by reference and then recites the elements of the various causes of action, Darnell does allege additional facts in support of his claim for defamation. In particular, Darnell alleges that "DEFENDANTS have published multiple statements, both written and verbal, individually and in combination, asserting as fact that PLAINTIFFS improperly took or accepted or demanded payments as well as other wrongful activities." He further alleges that those statements were "false because the statements misrepresented the operations, policies, and practices of Plaintiff."

Keeble, Rowe, and Fite, relying on *Bentley v. Bunton*, 94 S.W.3d 561 (Tex. 2002), contend that these allegations are insufficient because they are too vague to be objectively verifiable. But

10

*Bentley*'s discussion of verifiability concerns distinguishing between a statement of fact and an expression of opinion. *See id.* at 583. Our concern here is whether the allegations, taken as true and together with inferences reasonably drawn therefrom, are sufficient to give fair and adequate notice of the facts upon which Darnell bases his claim for defamation. *Roark*, 633 S.W.2d at 810. We conclude that they are. Read in the context of the pleading as a whole, Darnell alleges that Keeble, Rowe, and Fite made false statements accusing him and his law firm of financial misconduct in relation to providing legal services. While Darnell does not specifically allege to whom those false statements were published, unlike his earlier allegations, he does not negate that element by alleging that the statements were made directly to him. *See In re RNDC*, 2018 WL 2773262, at *1 (pleading has basis in law if contents do not trigger clear legal bar to claim).

"Rule 91a provides a harsh remedy that should be strictly construed." *Id.* Darnell's petition alleges sufficient facts to give fair notice of a claim for defamation based on the publication to third persons of false accusations of financial wrongdoing, and does not trigger a clear legal bar to that claim. *See id.* The trial court therefore erred by granting the Rule 91a motion to dismiss Darnell's claim against Keeble, Rowe, and Fite for defamation.

Darnell's allegations in support of his claim for business disparagement are similar, but not identical, to the allegations in support of his claim for defamation. He alleges that Appellees published multiple statements "which included disparaging words about the PLAINTIFFS which disparaged the business of the PLAINTIFFS," but does not include the more specific allegation of financial misconduct. He does, however, reiterate the allegation that the statements misrepresented his and his law firm's practices, policies, and procedures.

Again, construing the petition liberally in Darnell's favor, we conclude that it alleges sufficient facts to give fair notice of a claim for business disparagement and does not trigger a clear

11

legal bar to that claim. *See id.* The trial court therefore erred by granting the Rule 91a motion to dismiss Darnell's claim against Keeble, Rowe, and Fite for business disparagement.

The judgment is reversed insofar as it dismisses and orders a take-nothing judgment on Darnell's claims against Keeble, Rowe, and Fite for defamation and business disparagement. We find the slander and libel cause of action are subsumed by defamation. The claims, defamation and business disparagement, are remanded to the trial court for further proceedings.

*Negligent misrepresentation*

A claim for negligent misrepresentation requires that a defendant "suppl[y] false information for the guidance of others in their business." *Ramirez v. First Liberty Ins. Corp.*, 458 S.W.3d 568, 576 (Tex.App.—El Paso 2014, no pet.). The factual underpinning of Darnell's claim for negligent misrepresentation is that Appellees "negatively published multiple statements and representations . . . asserting as a fact that [Darnell] wrongfully and improperly or wrongfully and improperly attempted to obtain funds from various Family members." This allegation, taken as true and together with inferences reasonably drawn from it, cannot be read to allege that this false information was supplied for the guidance of others in their business. Darnell's claim for negligent misrepresentation thus lacks any basis in law or fact. *See* TEX.R.CIV.P. 91a.

In addition, another essential element of negligent misrepresentation is that the plaintiff show "actual and justifiable reliance." *Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 923 (Tex. 2010). The false information alleged in Darnell's petition concerned a matter about which Darnell had personal knowledge. Although Darnell summarily alleges that he relied on this false information, no reasonable person could believe that he did so. *See* TEX.R.CIV.P. 91a. In addition, no such reliance would be justifiable, as a matter of law. *See Grant Thornton*, 314 S.W.3d at 923. For this additional reason, the claim for negligent misrepresentation

12

lacks any basis in law or fact.

The trial court did not err by granting the Rule 91a motion to dismiss Darnell's claim against Keeble, Rowe, and Fite for negligent misrepresentation. The judgment is affirmed insofar as it dismisses and orders a take-nothing judgment on that claim.

*Remaining claims*

Darnell also alleged, and the trial court dismissed, claims for aiding and assisting, aiding and participating, acting in participation, and conspiracy. Darnell's petition contains no facts supporting any of the elements of any of these claims. Rather, the petition merely recites those elements in general terms. In addition, Darnell makes no attempt in his brief on appeal to identify any factual allegations supporting these claims. In fact, he offers no argument or analysis specifically addressed to these claims.

While a plaintiff is not required to plead evidence or provide a detailed rendition of the facts underlying his claims, fair notice pleading does require that the petition give "fair and adequate notice of the facts upon which the pleader bases his claim." *Roark*, 633 S.W.2d at 810. Darnell's petition fails to give any notice of the facts on which he bases his claims for aiding and assisting, aiding and participating, acting in participation, and conspiracy. For this reason, the trial court did not err by concluding that those claims lack any basis in fact or law and by granting the Rule 91a motion to dismiss those claims.

The judgment is affirmed insofar as it dismisses and orders a take-nothing judgment on Darnell's claims against Keeble, Rowe, and Fite for aiding and assisting, aiding and participating, acting in participation, and conspiracy. Darnell's Issues Four, Five, Six, Eight, and Ten are overruled as to all the alleged causes of action except for defamation and business disparagement which are sustained.

13

*Attorney's fees*

The TCPA mandates that, if the court dismisses a claim pursuant to that statute, it shall award to the movant "court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require." TEX.CIV.PRAC.&REM.CODE ANN. § 27.009(a)(1). The judgment in this case orders Darnell to pay Rogers $5,335.00 for attorney's fees. While the judgment does not expressly state the basis for this award, the only basis asserted by Rogers is the TCPA.

We have held above that the trial court erred by granting Rogers' TCPA motion and dismissing Darnell's claims against him. Because Rogers is not entitled to dismissal under the TCPA, he is not entitled to an award of attorney's fees under that statute. That portion of the judgment ordering Darnell to pay Rogers $5,335.00 for attorney's fees is reversed and judgment is rendered that Rogers take nothing on his claim for attorney's fees under the TCPA. Darnell's Issue One is sustained *in toto*.[2]

Like the TCPA, Rule 91a also mandates that the court award to the prevailing party "all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action . . . ." TEX.R.CIV.P. 91a7. The judgment here orders Darnell to pay Keeble, Rowe, and Fite $4,754.03 for attorney's fees. The only basis asserted for this award is Rule 91a.

We have held above that the trial court erred by granting the Rule 91a motion to dismiss as to Darnell's claims for defamation and business disparagement. Thus, Keeble, Rowe, and Fite remain prevailing parties on the motion to dismiss in regard to some, but not all, of Darnell's claims against them. As a result, they are entitled to an award of reasonable and necessary attorney's fees incurred with respect to the dismissed claims—Darnell's claims for negligent

---

[2] Due to our resolution of Issue One, it is unnecessary to address Issues Two, Three and Twelve. TEX.R.APP.P.47.1.

14

misrepresentation, aiding and assisting, aiding and participating, acting in participation, and conspiracy. The amount of such fees is a matter to be determined by the trial court.

That portion of the judgment awarding attorney's fees to Keeble, Rowe, and Fite is reversed and judgment is rendered that they take nothing on their claims for attorney's fees relating to their Rule 91a motion to dismiss Darnell's claims for defamation and business disparagement. Keeble, Rowe, and Fite's claim for attorney's fees relating to their Rule 91a motion to dismiss Darnell's remaining claims is remanded to the trial court of further proceedings. Darnell's Issues Seven, Nine, and Eleven are sustained in part (as to defamation and business disparagement) and overruled in part (all other alleged causes of action).

## CONCLUSION

That portion of the final judgment dismissing Darnell's claims against Keeble, Rowe, and Fite for defamation and business disparagement is reversed and those claims are remanded to the trial court for further proceedings. The award of attorney's fees to Rogers pursuant to the TCPA is reversed and judgment is rendered that Rogers take nothing on that claim for fees.

That portion of the final judgment dismissing Darnell's remaining claims against Keeble, Rowe, and Fite is affirmed. The award of attorney's fees to Keeble, Rowe and Fite pursuant to Rule 91a is reversed and that claim for fees is remanded to the trial court for further proceedings to determine the reasonable and necessary fees incurred with respect to the claims for negligent misrepresentation, aiding and assisting, aiding and participating, acting in participation, and conspiracy.


July 5, 2019

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.


15